**IN THE UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

WILLIAM AMORIELLO, CAROL ANN, HOPE BARNABY, CHRISTOPHER BECKETT, TIMOTHY BERBENICH, MICHAEL BROUILLARD, VIRGINIA BROWN, JANE BUIKEMA, TRACY CARDWELL, JOSEPHINE CARMELLENGO, BRIAN CARROLL, JOHN CLEVELLE, LENEVA CLEVELLE, CHAD CRAIG, ELIZABETH CRAIG, IRMA CUESTA-MEDINA, WILLIAM DANIELS, JOSEPH DEMMI, MARIANNE DUDA, ADAM ELEND, NICOLE FERRARI, CATHY FORREST, CARMELA FOURNIER, SUMMER GIBSON, DAVID GIBSON, KAREEM GOLDSON, ALAN GOLDSTEIN, KATIE HOWARD, PATRICIA HUBBARD, AMY JOHNSON, DENNIS JOHNSON, JENNIFER JUCHNO, PATRICIA MARINELLI, DIANE MARRERO, HUGH MCCAIN, CHRISTINE MCCALL, KERRY MCCANE, MARCUS MCINTEE, EDDIE MEDINA, DANIEL MILLER, ROBERT MORGAL, PHILIP MORROW, DAVID MOSBERG, HELEN MULLOZZI, WILLIAM MULLOZZI, ADAM NEHAMA, ANGELA NEHAMA, GIANG NGUYEN, APRIL OLIVAS, ANTHONY PALLAZOLA, PATRICIA PALLAZOLA, JACKIE PATE, CHERYL PATTISHALL, KRISTIE PECKA, NEIL PECKA, AMY PELLETIER, PERRY PLATISHA, DANIEL RADOVANOVIC, JASON RINGDAHL, DAVID RODRIGUEZ, PAMELA SALVATO, DEBORAH SAOUT, DEBORAH SAVOCA, GHASSAN SHAHIN, JAROSLAVA SHAHIN, MICHAEL SHEBETKA, DANIEL SOBSTYL, RUSSELL STAFFORD, CATHERINE SWINSKI, CARLISHA THOMAS, TAHSHEIKA

CASE NO:

1

THOMPSON, GREGORY TUMAN, DANIEL VAIRO, LISA VANHAEREN, AND ALAN WESTFALL,

      Plaintiffs,

WELLS FARGO BANK, N.A.,               DEMAND FOR JURY TRIAL

      Defendant,

_____/

## **COMPLAINT**

    **COME NOW**, Plaintiffs, WILLIAM AMORIELLO, CAROL ANN, HOPE BARNABY, CHRISTOPHER BECKETT, TIMOTHY BERBENICH, MICHAEL BROUILLARD, VIRGINIA BROWN, JANE BUIKEMA, TRACY CARDWELL, JOSEPHINE CARMELLENGO, BRIAN CARROLL, JOHN CLEVELLE, LENEVA CLEVELLE, CHAD CRAIG, ELIZABETH CRAIG, IRMA CUESTA-MEDINA, WILLIAM DANIELS, JOSEPH DEMMI, MARIANNE DUDA, ADAM ELEND, NICOLE FERRARI, CATHY FORREST, CARMELA FOURNIER, SUMMER GARNER, DAVID GIBSON, KAREEM GOLDSON, ALAN GOLDSTEIN, KATIE HOWARD, PATRICIA HUBBARD, AMY JOHNSON, DENNIS JOHNSON, JENNIFER JUCHNO, PATRICIA MARINELLI, DIANE MARRERO, HUGH MCCAIN, CHRISTINE MCCALL, KERRY MCCANE, MARCUS MCINTEE, EDDIE MEDINA, DANIEL MILLER, ROBERT MORGAL, PHILIP MORROW, DAVID MOSBERG, HELEN MULLOZZI, WILLIAM MULLOZZI, ADAM NEHAMA, ANGELA NEHAMA, GIANG NGUYEN, APRIL OLIVAS, ANTHONY PALLAZOLA, PATRICIA PALLAZOLA, JACKIE PATE, CHERYL PATTISHALL, KRISTIE PECKA, NEIL PECKA, AMY PELLETIER, PERRY PLATISHA, DANIEL RADOVANOVIC, JASON RINGDAHL, DAVID RODRIGUEZ, PAMELA SALVATO, DEBORAH SAOUT, DEBORAH SAVOCA, GHASSAN SHAHIN, JAROSLAVA SHAHIN, MICHAEL SHEBETKA, DANIEL SOBSTYL, RUSSELL

STAFFORD, CATHERINE SWINSKI, CARLISHA THOMAS, TAHSHEIKA THOMPSON, GREGORY TUMAN, DANIEL VAIRO, LISA VANHAEREN, and ALAN WESTFALL (hereafter "Plaintiffs"), by and through undersigned counsel, and hereby sue Defendant, WELLS FARGO BANK, N.A., (hereafter "Defendant"), and state as follows:

## PRELIMINARY STATEMENT

This action arises out of Defendant's violations of the Florida Consumer Collection Practices Act, Florida Statute §§ 559.55 *et seq.* (hereafter the "FCCPA"), and the Telephone Consumer Protection Act, 47 U.S.C. §§ 227 *et seq.* (hereafter the "TCPA").

## JURISDICTION AND VENUE

1.      This is an action for damages that exceeds $75,000.00 exclusive of attorneys' fees and costs.

2.      Jurisdiction and venue for purposes of this action are appropriate and conferred by 28 U.S.C. § 1331, Federal Question Jurisdiction, as this action involves violations of the TCPA and/or by F.S. § 47.011 and/or by 28 U.S.C § 1332, diversity jurisdiction.

3.      Subject matter jurisdiction for purposes of this action is appropriate and conferred by 28 U.S.C. § 1331, which provides that the district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States; this action involves violations of 47 U.S.C. § 227(b)(1)(A)(iii).

## FACTUAL ALLEGATIONS

4.      Defendant is a nationally chartered banking institution.

5.      Defendant is a "creditor," as defined by the FCCPA, Fla. Stat. § 559.55(5) and does business throughout the state of Florida.

6.     Defendant is a "person" subject to regulations under Fla. Stat. § 559.72 and 47 U.S.C. § 227(b)(1).

7.     The conduct of Defendant, which gives rise to the cause of action herein alleged, occurred in Florida, by the Defendant's placing of unlawful telephone calls to Plaintiffs' cellular telephone.

8.     Defendant sought to collect an alleged debt from Plaintiffs that arose from a transaction incurred for personal, family, or household purposes.

9.     The alleged debt that is the subject matter of this complaint is a "consumer debt" as defined by the FCCPA, Fla. Stat. §559.55(6).

10.     Despite receiving written revocation and/or verbal revocation from Plaintiffs to stop calling Plaintiffs' cellular telephone, Defendant continued to call Plaintiffs' cellular telephone.

11.     All calls to Plaintiffs' cellular telephone were made after Plaintiffs revoked any "alleged" consent and without the "prior express consent" of Plaintiffs.

12.     Defendants intentionally harassed and an abused Plaintiffs in numerous occasions by calling several times per day, and on back to back days, with such frequency as can be reasonably expected to be harass.

13.     Upon information and belief, Defendant used an automatic telephone dialing system or an artificial or pre-recorded voice to place telephone calls to Plaintiffs' cellular telephone.

14.     Defendant has, or should be in possession and/or control of call logs, account notes, autodialer reports and/or other records that detail the exact number of all calls made to Plaintiffs.

15.     Defendant placed calls to Plaintiffs' cellular telephone that included delays in time before the telephone call was transferred to a representative to speak.

16.     Some of the representatives sounded like an artificial or pre-recorded voice requesting a return call from Plaintiffs.

17.     The calls from Defendant to Plaintiffs' cellular telephone continued despite Plaintiffs expressly revoking their consent.

18.     As a result, each call Defendant made to Plaintiffs' cellular telephone after Plaintiffs revoked consent were made without the express permission of Plaintiffs.

19.     Despite Defendant having actual knowledge of Plaintiffs' revocation of consent to be contacted on their cellular telephone, Defendant continued to harass and abuse Plaintiffs.

20.     None of Defendant's telephone calls placed to Plaintiffs were for "emergency purposes" as specified in 47 U.S.C. § 227 (b)(1)(A).

21.     None of Defendant's telephone calls placed to Plaintiffs were made with Plaintiffs' "prior express consent" as specified in 47 U.S.C. § 227 (b)(1)(A).

22.     All conditions precedent to the filing of this lawsuit have been performed or have occurred.

## PLAINTIFF 1 - WILLIAM AMORIELLO

23.     Plaintiff, WILLIAM AMORIELLO, is an individual who owned real property in Hillsborough County, Florida.

24.     Defendant, at all material times, was attempting to collect a debt relating to a Wells Fargo Mortgage, Account Number ending in –0001.

25.     Plaintiff, WILLIAM AMORIELLO, revoked any prior express consent to be contacted via cell phone or any other form of communication on January 10, 2013, through a

facsimile transmission to Defendant's facsimile numbers, 866-969-0103, 866-917-1877, and 866-834-7648.

26.     Plaintiff, WILLIAM AMORIELLO, is the regular user and carrier of the cellular telephone number ending in -3642, and was the called party and recipient of calls made by Calls made by Defendant's automatic telephone dialing system and/or artificial or prerecorded voice.

27.     Defendant knowingly and/or willfully harassed and abused Plaintiff, WILLIAM AMORIELLO, by calling Plaintiff, WILLIAM AMORIELLO's, cellular telephone multiple times per day after he revoked consent to be contacted on January 10, 2013.

28.     Defendant knowingly and/or willfully called Plaintiff, WILLIAM AMORIELLO's, cellular telephone after Defendant had unequivocal notice to cease any and all calls and after Plaintiff, WILLIAM AMORIELLO, withdrew any prior consent or permission to be contacted.

29.     In addition to the request not to be contacted by Defendant, Plaintiff, WILLIAM AMORIELLO's, facsimile transmission directed Defendant to contact Plaintiff, WILLIAM AMORIELLO's, attorney and included the contact information for the law firm.

30.     Defendant knowingly and/or willfully communicated with Plaintiff, WILLIAM AMORIELLO, after Defendant had unequivocal notice that Plaintiff, WILLIAM AMORIELLO, was represented by an attorney and could readily ascertain the Firm's contact information.

31.     Plaintiff, WILLIAM AMORIELLO's, attorney did not fail to respond within a reasonable period of time to any communication from Defendant and did not consent to Defendant's direct communication with Plaintiff, WILLIAM AMORIELLO.

## PLAINTIFF 2 – CAROL ANN

32.     Plaintiff, CAROL ANN, is an individual who owned real property in Pasco County, Florida.

6

33.     Defendant, at all material times, was attempting to collect a debt relating to a Wells Fargo Mortgage, Account Number ending in –4409.

34.     Plaintiff, CAROL ANN, revoked any prior express consent to be contacted via cell phone or any other form of communication on April 10, 2013, through a facsimile transmission to Defendant's facsimile numbers, 866-969-0103, 866-917-1877, and 866-834-7648.

35.     Plaintiff, CAROL ANN, is the regular user and carrier of the cellular telephone number ending in -0804 and was the called party and recipient of calls made by Calls made by Defendant's automatic telephone dialing system and/or artificial or prerecorded voice.

36.     Defendant knowingly and/or willfully harassed and abused Plaintiff, CAROL ANN, by calling Plaintiff, CAROL ANN's, cellular telephone multiple times per day after she revoked consent to be contacted on April 10, 2013.

37.     Defendant knowingly and/or willfully called Plaintiff, CAROL ANN's, cellular telephone after Defendant had unequivocal notice to cease any and all calls and after Plaintiff, CAROL ANN, withdrew any prior consent or permission to be contacted.

38.     In addition to the request not to be contacted by Defendant, Plaintiff, CAROL ANN's, facsimile transmission directed Defendant to contact Plaintiff, CAROL ANN's, attorney and included the contact information for the law firm.

39.     Defendant knowingly and/or willfully communicated with Plaintiff, CAROL ANN, after Defendant had unequivocal notice that Plaintiff, CAROL ANN, was represented by an attorney and could readily ascertain the Firm's contact information.

40.     Plaintiff, CAROL ANN's, attorney did not fail to respond within a reasonable period of time to any communication from Defendant and did not consent to Defendant's direct communication with Plaintiff, CAROL ANN.

## PLAINTIFF 3 – HOPE BARNABY

41.     Plaintiff, HOPE BARNABY, is an individual who owned real property in Hillsborough County, Florida.

42.     Defendant, at all material times, was attempting to collect a debt relating to a Wells Fargo Mortgage, Account Number ending in –6348.

43.     Plaintiff, HOPE BARNABY, revoked any prior express consent to be contacted via cell phone or any other form of communication on October 8, 2012, through a facsimile transmission to Defendant's facsimile numbers, 866-969-0103, 866-917-1877, and 866-834-7648.

44.     Plaintiff, HOPE BARNABY, is the regular user and carrier of the cellular telephone number ending in -1654 and was the called party and recipient of calls made by Calls made by Defendant's automatic telephone dialing system and/or artificial or prerecorded voice.

45.     Defendant knowingly and/or willfully harassed and abused Plaintiff, HOPE BARNABY, by calling Plaintiff, HOPE BARNABY's, cellular telephone multiple times per day after she revoked consent to be contacted on October 8, 2012.

46.     Defendant knowingly and/or willfully called Plaintiff, HOPE BARNABY's, cellular telephone after Defendant had unequivocal notice from Plaintiff, HOPE BARNABY, to cease any and all calls and after Plaintiff, HOPE BARNABY, withdrew any prior consent or permission to be contacted.

47.     In addition to the request not to be contacted by Defendant, Plaintiff, HOPE BARNABY's, facsimile transmission directed Defendant to contact Plaintiff, HOPE BARNABY's, attorney and included the contact information for the law firm.

48.     Defendant knowingly and/or willfully communicated with Plaintiff, HOPE BARNABY, after Defendant had unequivocal notice that Plaintiff, HOPE BARNABY, was represented by an attorney and could readily ascertain the Firm's contact information.

49.     Plaintiff, HOPE BARNABY's, attorney did not fail to respond within a reasonable period of time to any communication from Defendant and did not consent to Defendant's direct communication with Plaintiff, HOPE BARNABY.

## PLAINTIFF 4 – CHRISTOPHER BECKETT

50.     Plaintiff, CHRISTOPHER BECKETT, is an individual who owned real property in Hillsborough County, Florida.

51.     Defendant, at all material times, was attempting to collect a debt relating to a Wells Fargo Mortgage, Account Number ending in –3194.

52.     Plaintiff, CHRISTOPHER BECKETT, revoked any prior express consent to be contacted via cell phone or any other form of communication on January 13, 2015, through a facsimile transmission to Defendant's facsimile number.  866-278-1179.

53.     Plaintiff, CHRISTOPHER BECKETT, is the regular user and carrier of the cellular telephone number ending in -0838 and was the called party and recipient of calls made by Calls made by Defendant's automatic telephone dialing system and/or artificial or prerecorded voice.

54.     Defendant knowingly and/or willfully harassed and abused Plaintiff, CHRISTOPHER BECKETT, by calling Plaintiff, CHRISTOPHER BECKETT's, cellular telephone multiple times per day after he revoked consent to be contacted on January 13, 2015.

55.     Defendant knowingly and/or willfully called Plaintiff, CHRISTOPHER BECKETT's, cellular telephone after Defendant had unequivocal notice from Plaintiff,

CHRISTOPHER BECKETT, to cease any and all calls and after Plaintiff, CHRISTOPHER BECKETT, withdrew any prior consent or permission to be contacted.

56.     In addition to the request not to be contacted by Defendant, Plaintiff, CHRISTOPHER BECKETT's, facsimile transmission directed Defendant to contact Plaintiff, CHRISTOPHER BECKETT's, attorney and included the contact information for the law firm.

57.     Defendant knowingly and/or willfully communicated with Plaintiff, CHRISTOPHER BECKETT, after Defendant had unequivocal notice that Plaintiff, CHRISTOPHER BECKETT, was represented by an attorney and could readily ascertain the Firm's contact information.

58.     Plaintiff, CHRISTOPHER BECKETT's, attorney did not fail to respond within a reasonable period of time to any communication from Defendant and did not consent to Defendant's direct communication with Plaintiff, CHRISTOPHER BECKETT.

## PLAINTIFF 5 – TIMOTHY BERBENICH

59.     Plaintiff, TIMOTHY BERBENICH, is an individual who owned real property in Hillsborough County, Florida.

60.     Defendant, at all material times, was attempting to collect a debt relating to a Wells Fargo Mortgage, Account Number ending in –6675.

61.     Plaintiff, TIMOTHY BERBENICH, revoked any prior express consent to be contacted via cell phone or any other form of communication on March 30, 2012, through a facsimile transmission to Defendant's facsimile number 866-969-0103.

62.     Plaintiff, TIMOTHY BERBENICH, is the regular user and carrier of the cellular telephone number ending in -8722 and was the called party and recipient of calls made by Defendant's automatic telephone dialing system and/or artificial or prerecorded voice.

63.     Defendant knowingly and/or willfully harassed and abused Plaintiff, TIMOTHY BERBENICH, by calling Plaintiff, TIMOTHY BERBENICH's, cellular telephone multiple times per day after he revoked consent to be contacted on March 30, 2012.

64.     Defendant knowingly and/or willfully called Plaintiff, TIMOTHY BERBENICH's, cellular telephone after Defendant had unequivocal notice from Plaintiff, TIMOTHY BERBENICH, to cease any and all calls and after Plaintiff, TIMOTHY BERBENICH, withdrew any prior consent or permission to be contacted.

65.     In addition to the request not to be contacted by Defendant, Plaintiff, TIMOTHY BERBENICH's, facsimile transmission directed Defendant to contact Plaintiff, TIMOTHY BERBENICH's, attorney and included the contact information for the law firm.

66.     Defendant knowingly and/or willfully communicated with Plaintiff, TIMOTHY BERBENICH, after Defendant had unequivocal notice that Plaintiff, TIMOTHY BERBENICH, was represented by an attorney and could readily ascertain the Firm's contact information.

67.     Plaintiff, TIMOTHY BERBENICH's, attorney did not fail to respond within a reasonable period of time to any communication from Defendant and did not consent to Defendant's direct communication with Plaintiff, TIMOTHY BERBENICH.

## PLAINTIFF 6 – MICHAEL BROUILLARD

68.     Plaintiff, MICHAEL BROUILLARD, is an individual who owned real property in Pinellas County, Florida.

69.     Plaintiff, MICHAEL BROUILLARD, is a consumer as defined by the FCCPA, Fla. Stat. § 559.55(8).

70.     Defendant, at all material times, was attempting to collect a debt relating to a Wells Fargo Mortgage, Account Number ending in –0001.

71.    Plaintiff, MICHAEL BROUILLARD, revoked any prior express consent to be contacted via cell phone or any other form of communication on September 18, 2015, through a facsimile transmission to Defendant's facsimile number 866-834-7949.

72.    Plaintiff, MICHAEL BROUILLARD, is the regular user and carrier of the cellular telephone number ending in -8612 and was the called party and recipient of calls made by Defendant's automatic telephone dialing system and/or artificial or prerecorded voice.

73.    Defendant knowingly and/or willfully harassed and abused Plaintiff, MICHAEL BROUILLARD, by calling Plaintiff, MICHAEL BROUILLARD's, cellular telephone multiple times per day after he revoked consent to be contacted on September 18, 2015.

74.    Defendant   knowingly   and/or   willfully   called   Plaintiff,   MICHAEL BROUILLARD's, cellular telephone after Defendant had unequivocal notice from Plaintiff, MICHAEL   BROUILLARD,   to   cease   any   and   all   calls   and   after   Plaintiff,   MICHAEL BROUILLARD, withdrew any prior consent or permission to be contacted.

75.    In addition to the request not to be contacted by Defendant, Plaintiff, MICHAEL BROUILLARD's, facsimile transmission directed Defendant to contact Plaintiff, MICHAEL BROUILLARD's, attorney and included the contact information for the law firm.

76.    Defendant knowingly and/or willfully communicated with Plaintiff, MICHAEL BROUILLARD, after Defendant had unequivocal notice that Plaintiff, MICHAEL BROUILLARD, was represented by an attorney and could readily ascertain the Firm's contact information.

77.    Plaintiff, MICHAEL BROUILLARD's, attorney did not fail to respond within a reasonable period of time to any communication from Defendant and did not consent to Defendant's direct communication with Plaintiff, MICHAEL BROUILLARD.

## PLAINTIFF 7 – VIRGINIA BROWN

78.     Plaintiff, VIRGINIA BROWN, is an individual who resides in Pinellas County, Florida.

79.     Plaintiff, VIRGINIA BROWN, is a consumer as defined by the FCCPA, Fla. Stat. § 559.55(8).

80.     Defendant, at all material times, was attempting to collect a debt relating to a Wells Fargo Mortgage, Account Number ending in -0686.

81.     Plaintiff, VIRGINIA BROWN, revoked any prior express consent to be contacted via cell phone or any other form of communication on September 13, 2016, through a facsimile transmission to Defendant's facsimile number 877-408-8077.

82.     In response to Plaintiff, VIRGINIA BROWN'S, facsimile transmission on September 13, 20167, Defendant sent a response letter to counsel for Plaintiff, VIRGINIA BROWN, advising that Plaintiff, VIRGINIA BROWN'S, account was updated to reflect attorney representation and Defendant would communicate directly with counsel; however, Defendant continued to call Plaintiff, VIRGINIA BROWN, via her cell phone.

83.     Plaintiff, VIRGINIA BROWN, again notified Defendant of attorney representation and revoked any prior express consent to be contacted via cell phone or any other form of communication on January 6, 2017, through a facsimile transmission to Defendant's facsimile number, 877-408-8077.

84.     Plaintiff, VIRGINIA BROWN, is the regular user and carrier of the cellular telephone number ending in -7932 and was the called party and recipient of calls made by Defendant's automatic telephone dialing system and/or artificial or prerecorded voice.

85.     Defendant knowingly and/or willfully harassed and abused Plaintiff, VIRGINIA BROWN, by calling Plaintiff, VIRGINIA BROWN's, cellular telephone multiple times per day after she revoked consent to be contacted on September 13, 2016 and again on January 6, 2017.

86.     Defendant knowingly and/or willfully called Plaintiff, VIRGINIA BROWN's, cellular telephone after Defendant had unequivocal notice from Plaintiff, VIRGINIA BROWN, to cease any and all calls and after Plaintiff, VIRGINIA BROWN, withdrew any prior consent or permission to be contacted.

87.     In addition to the request not to be contacted by Defendant, Plaintiff, VIRGINIA BROWN's, facsimile transmission directed Defendant to contact Plaintiff, VIRGINIA BROWN's, attorney and included the contact information for the law firm.

88.     Defendant knowingly and/or willfully communicated with Plaintiff, VIRGINIA BROWN, after Defendant had unequivocal notice that Plaintiff, VIRGINIA BROWN, was represented by an attorney and could readily ascertain the Firm's contact information.

89.     Plaintiff, VIRGINIA BROWN's, attorney did not fail to respond within a reasonable period of time to any communication from Defendant and did not consent to Defendant's direct communication with Plaintiff, VIRGINIA BROWN.

**PLAINTIFF 8 – JANE BUIKEMA**

90.     Plaintiff, JANE BUIKEMA, is an individual who owned real property in Pinellas County, Florida.

91.     Defendant, at all material times, was attempting to collect a debt relating to a Wells Fargo Mortgage, Account Numbers ending in –1162 and -1220.

92.     Plaintiff, JANE BUIKEMA, revoked any prior express consent to be contacted via cell phone or any other form of communication on March 30, 2012, through a facsimile transmission to Defendant's facsimile number 800-313-0892.

93.     Plaintiff, JANE BUIKEMA, is the regular user and carrier of the cellular telephone number ending in -3869 and was the called party and recipient of calls made by Defendant's automatic telephone dialing system and/or artificial or prerecorded voice.

94.     Defendant knowingly and/or willfully harassed and abused Plaintiff, JANE BUIKEMA, by calling Plaintiff, JANE BUIKEMA's, cellular telephone multiple times per day after she revoked consent to be contacted on March 30, 2012,.

95.     Defendant knowingly and/or willfully called Plaintiff, JANE BUIKEMA's, cellular telephone after Defendant had unequivocal notice from Plaintiff, JANE BUIKEMA, to cease any and all calls and after Plaintiff, JANE BUIKEMA, withdrew any prior consent or permission to be contacted.

96.     In addition to the request not to be contacted by Defendant, Plaintiff, JANE BUIKEMA's, facsimile transmission directed Defendant to contact Plaintiff, JANE BUIKEMA's, attorney and included the contact information for the law firm.

97.     Defendant knowingly and/or willfully communicated with Plaintiff, JANE BUIKEMA, after Defendant had unequivocal notice that Plaintiff, JANE BUIKEMA, was represented by an attorney and could readily ascertain the Firm's contact information.

98.     Plaintiff, JANE BUIKEMA's, attorney did not fail to respond within a reasonable period of time to any communication from Defendant and did not consent to Defendant's direct communication with Plaintiff, JANE BUIKEMA.

**PLAINTIFF 9 – TRACY CARDWELL**

99.     Plaintiff, TRACY CARDWELL, is an individual who owned real property in Pinellas County, Florida.

100.    Defendant, at all material times, was attempting to collect a debt relating to a Wells Fargo Mortgage, Account Number ending in –7046.

101.    Plaintiff, TRACY CARDWELL, revoked any prior express consent to be contacted via cell phone or any other form of communication on March 28, 2012, through a facsimile transmission to Defendant's facsimile numbers 866-969-0103 and 866-917-1877.

102.    Plaintiff, TRACY CARDWELL, is the regular user and carrier of the cellular telephone number ending in -1483 and was the called party and recipient of calls made by Defendant's automatic telephone dialing system and/or artificial or prerecorded voice.

103.    Defendant knowingly and/or willfully harassed and abused Plaintiff, TRACY CARDWELL, by calling Plaintiff, TRACY CARDWELL's, cellular telephone multiple times per day after she revoked consent to be contacted on March 28, 2012.

104.    Defendant knowingly and/or willfully called Plaintiff, TRACY CARDWELL's, cellular telephone after Defendant had unequivocal notice from Plaintiff, TRACY CARDWELL, to cease any and all calls and after Plaintiff, TRACY CARDWELL, withdrew any prior consent or permission to be contacted.

105.    In addition to the request not to be contacted by Defendant, Plaintiff, TRACY CARDWELL's, facsimile transmission directed Defendant to contact Plaintiff, TRACY CARDWELL's, attorney and included the contact information for the law firm.

106.    Defendant knowingly and/or willfully communicated with Plaintiff, TRACY CARDWELL, after Defendant had unequivocal notice that Plaintiff, TRACY CARDWELL, was represented by an attorney and could readily ascertain the Firm's contact information.

107.    Plaintiff, TRACY CARDWELL's, attorney did not fail to respond within a reasonable period of time to any communication from Defendant and did not consent to Defendant's direct communication with Plaintiff, TRACY CARDWELL.

### PLAINTIFF 10 – JOSEPHINE CARMELLENGO

108.    Plaintiff, JOSEPHINE CARMELLENGO, is an individual who owned real property in Hillsborough County, Florida.

109.    Defendant, at all material times, was attempting to collect a debt relating to a Wells Fargo Mortgage, Account Number ending in –0001.

110.    Plaintiff, JOSEPHINE CARMELLENGO, revoked any prior express consent to be contacted via cell phone or any other form of communication on October 5, 2012, through a facsimile transmission to Defendant's facsimile numbers 866-969-0103, 866-917-1877, and 866-834-7648.

111.    Plaintiff, JOSEPHINE CARMELLENGO, is the regular user and carrier of the cellular telephone number ending in -7404 and was the called party and recipient of calls made by Defendant's automatic telephone dialing system and/or artificial or prerecorded voice.

112.    Defendant knowingly and/or willfully harassed and abused Plaintiff, JOSEPHINE CARMELLENGO, by calling Plaintiff, JOSEPHINE CARMELLENGO's, cellular telephone multiple times per day after she revoked consent to be contacted on October 5, 2012.

113.    Defendant knowingly and/or willfully called Plaintiff, JOSEPHINE CARMELLENGO's, cellular telephone after Defendant had unequivocal notice from Plaintiff,

JOSEPHINE CARMELLENGO, to cease any and all calls and after Plaintiff, JOSEPHINE CARMELLENGO, withdrew any prior consent or permission to be contacted.

114.    In addition to the request not to be contacted by Defendant, Plaintiff, JOSEPHINE CARMELLENGO's, facsimile transmission directed Defendant to contact Plaintiff, JOSEPHINE CARMELLENGO's, attorney and included the contact information for the law firm.

115.    Defendant knowingly and/or willfully communicated with Plaintiff, JOSEPHINE CARMELLENGO, after Defendant had unequivocal notice that Plaintiff, JOSEPHINE CARMELLENGO, was represented by an attorney and could readily ascertain the Firm's contact information.

116.    Plaintiff, JOSEPHINE CARMELLENGO's, attorney did not fail to respond within a reasonable period of time to any communication from Defendant and did not consent to Defendant's direct communication with Plaintiff, JOSEPHINE CARMELLENGO.

### PLAINTIFF 11 – BRIAN CARROLL

117.    Plaintiff, BRIAN CARROLL, is an individual who owned real property in Palm Beach County, Florida.

118.    Defendant, at all material times, was attempting to collect a debt relating to a Wells Fargo Mortgage, Account Number ending in –9411.

119.    Plaintiff, BRIAN CARROLL, revoked any prior express consent to be contacted via cell phone or any other form of communication on May 21, 2012, through a facsimile transmission to Defendant's facsimile numbers 866-969-0103, 866-917-1877, and 866-834-7648.

120.    Plaintiff, BRIAN CARROLL, is the regular user and carrier of the cellular telephone number ending in -6946 and was the called party and recipient of calls made by Defendant's automatic telephone dialing system and/or artificial or prerecorded voice.

121.    Defendant knowingly and/or willfully harassed and abused Plaintiff, BRIAN CARROL, by calling Plaintiff, BRIAN CARROLL's, cellular telephone multiple times per day after he revoked consent to be contacted on May 21, 2012.

122.    Defendant knowingly and/or willfully called Plaintiff, BRIAN CARROLL's, cellular telephone after Defendant had unequivocal notice from Plaintiff, BRIAN CARROLL, to cease any and all calls and after Plaintiff, BRIAN CARROLL, withdrew any prior consent or permission to be contacted.

123.    In addition to the request not to be contacted by Defendant, Plaintiff, BRIAN CARROLL's, facsimile transmission directed Defendant to contact Plaintiff, BRIAN CARROLL's, attorney and included the contact information for the law firm.

124.    Defendant knowingly and/or willfully communicated with Plaintiff, BRIAN CARROLL, after Defendant had unequivocal notice that Plaintiff, BRIAN CARROLL, was represented by an attorney and could readily ascertain the Firm's contact information.

125.    Plaintiff, BRIAN CARROLL's, attorney did not fail to respond within a reasonable period of time to any communication from Defendant and did not consent to Defendant's direct communication with Plaintiff, BRIAN CARROLL.

### PLAINTIFF 12 – JOHN CLEVELLE

126.    Plaintiff, JOHN CLEVELLE, is an individual who owned real property in Pinellas County, Florida.

127.    Plaintiff, JOHN CLEVELLE, is a consumer as defined by the FCCPA, Fla. Stat. § 559.55(8).

128.    Defendant, at all material times, was attempting to collect a debt relating to a Wells Fargo Mortgage, Account Number ending in –6681

129.    Plaintiff, JOHN CLEVELLE, revoked any prior express consent to be contacted via cell phone or any other form of communication on April 2, 2015, through a facsimile transmission to Defendant's facsimile number 866-278-1179.

130.    Plaintiff, JOHN CLEVELLE, is the regular user and carrier of the cellular telephone number ending in -5717 and was the called party and recipient of calls made by Defendant's automatic telephone dialing system and/or artificial or prerecorded voice.

131.    Defendant knowingly and/or willfully harassed and abused Plaintiff, JOHN CLEVELLE, by calling Plaintiff, JOHN CLEVELLE's, cellular telephone multiple times per day after he revoked consent to be contacted on April 2, 2015.

132.    Defendant knowingly and/or willfully called Plaintiff, JOHN CLEVELLE's, cellular telephone after Defendant had unequivocal notice from Plaintiff, JOHN CLEVELLE, to cease any and all calls and after Plaintiff, JOHN CLEVELLE, withdrew any prior consent or permission to be contacted.

133.    In addition to the request not to be contacted by Defendant, Plaintiff, JOHN CLEVELLE's, facsimile transmission directed Defendant to contact Plaintiff, JOHN CLEVELLE's, attorney and included the contact information for the law firm.

134.    Defendant knowingly and/or willfully communicated with Plaintiff, JOHN CLEVELLE, after Defendant had unequivocal notice that Plaintiff, JOHN CLEVELLE, was represented by an attorney and could readily ascertain the Firm's contact information.

135.    Plaintiff, JOHN CLEVELLE's, attorney did not fail to respond within a reasonable period of time to any communication from Defendant and did not consent to Defendant's direct communication with Plaintiff, JOHN CLEVELLE.

## PLAINTIFF 13 – LENEVA CLEVELLE

136.    Plaintiff, LENEVA CLEVELLE, is an individual who owned real property in Pinellas County, Florida.

137.    Plaintiff, LENEVA CLEVELLE, is a consumer as defined by the FCCPA, Fla. Stat. § 559.55(8).

138.    Defendant, at all material times, was attempting to collect a debt relating to a Wells Fargo Mortgage, Account Number ending in –6681

139.    Plaintiff, LENEVA CLEVELLE, revoked any prior express consent to be contacted via cell phone or any other form of communication on April 2, 2015, through a facsimile transmission to Defendant's facsimile number 866-278-1179.

140.    Plaintiff, LENEVA CLEVELLE, is the regular user and carrier of the cellular telephone number ending in -5717 and was the called party and recipient of calls made by Defendant's automatic telephone dialing system and/or artificial or prerecorded voice.

141.    Defendant knowingly and/or willfully harassed and abused Plaintiff, JOHN CLEVELLE, by calling Plaintiff, LENEVA CLEVELLE's, cellular telephone multiple times per day after she revoked consent to be contacted on April 2, 2015.

142.    Defendant knowingly and/or willfully called Plaintiff, LENEVA CLEVELLE's, cellular telephone after Defendant had unequivocal notice from Plaintiff, LENEVA CLEVELLE, to cease any and all calls and after Plaintiff, LENEVA CLEVELLE, withdrew any prior consent or permission to be contacted.

143.    In addition to the request not to be contacted by Defendant, Plaintiff, LENEVA CLEVELLE's, facsimile transmission directed Defendant to contact Plaintiff, LENEVA CLEVELLE's, attorney and included the contact information for the law firm.

144.    Defendant knowingly and/or willfully communicated with Plaintiff, LENEVA CLEVELLE, after Defendant had unequivocal notice that Plaintiff, LENEVA CLEVELLE, was represented by an attorney and could readily ascertain the Firm's contact information.

145.    Plaintiff, LENEVA CLEVELLE's, attorney did not fail to respond within a reasonable period of time to any communication from Defendant and did not consent to Defendant's direct communication with Plaintiff, LENEVA CLEVELLE.

### PLAINTIFF 14 – CHAD CRAIG

146.    Plaintiff, CHAD CRAIG, is an individual who owned real property in Pinellas County, Florida.

147.    Defendant, at all material times, was attempting to collect a debt relating to a Wells Fargo Mortgage, Account Numbers ending in −5166 and −3122.

148.    Plaintiff, CHAD CRAIG, revoked any prior express consent to be contacted via cell phone or any other form of communication on August 21, 2013, through a facsimile transmission to Defendant's facsimile number 866-278-1179 and 866-969-0103.

149.    Plaintiff, CHAD CRAIG, is the regular user and carrier of the cellular telephone number ending in -7583 and was the called party and recipient of calls made by Defendant's automatic telephone dialing system and/or artificial or prerecorded voice.

150.    Plaintiff, CHAD CRAIG, is the regular user and carrier of the cellular telephone number ending in -8732 and was the called party and recipient of calls made by Defendant's automatic telephone dialing system and/or artificial or prerecorded voice.

151.    Defendant knowingly and/or willfully harassed and abused Plaintiff, CHAD CRAIG, by calling Plaintiff, CHAD CRAIG's, cellular telephone multiple times per day after he revoked consent to be contacted on August 21, 2013.

152. Defendant knowingly and/or willfully called Plaintiff, CHAD CRAIG's, cellular telephone after Defendant had unequivocal notice from Plaintiff, CHAD CRAIG, to cease any and all calls and after Plaintiff, CHAD CRAIG, withdrew any prior consent or permission to be contacted.

153. In addition to the request not to be contacted by Defendant, Plaintiff, CHAD CRAIG's, facsimile transmission directed Defendant to contact Plaintiff, CHAD CRAIG's, attorney and included the contact information for the law firm.

154. Defendant knowingly and/or willfully communicated with Plaintiff, CHAD CRAIG, after Defendant had unequivocal notice that Plaintiff, CHAD CRAIG, was represented by an attorney and could readily ascertain the Firm's contact information.

155. Plaintiff, CHAD CRAIG's, attorney did not fail to respond within a reasonable period of time to any communication from Defendant and did not consent to Defendant's direct communication with Plaintiff, CHAD CRAIG.

## PLAINTIFF 15 –ELIZABETH CRAIG

156. Plaintiff, ELIZABETH CRAIG, is an individual who owned real property in Seminole County, Florida.

157. Defendant, at all material times, was attempting to collect a debt relating to a Wells Fargo Mortgage, Account Number ending in –3122.

158. Plaintiff, ELIZABETH CRAIG, revoked any prior express consent to be contacted via cell phone or any other form of communication on August 21, 2013, through a facsimile transmission to Defendant's facsimile number 866-969-0103.

159.   Plaintiff, ELIZABETH CRAIG, is the regular user and carrier of the cellular telephone number ending in -7583 and was the called party and recipient of calls made by Defendant's automatic telephone dialing system and/or artificial or prerecorded voice.

160.   Plaintiff, ELIZABETH CRAIG, is the regular user and carrier of the cellular telephone number ending in -8732 and was the called party and recipient of calls made by Defendant's automatic telephone dialing system and/or artificial or prerecorded voice.

161.   Defendant knowingly and/or willfully harassed and abused Plaintiff, ELIZABETH CRAIG, by calling Plaintiff, ELIZABETH CRAIG's, cellular telephone multiple times per day after she revoked consent to be contacted on August 21, 2013.

162.   Defendant knowingly and/or willfully called Plaintiff, ELIZABETH CRAIG's, cellular telephone after Defendant had unequivocal notice from Plaintiff, ELIZABETH CRAIG, to cease any and all calls and after Plaintiff, ELIZABETH CRAIG, withdrew any prior consent or permission to be contacted.

163.   In addition to the request not to be contacted by Defendant, Plaintiff, ELIZABETH CRAIG's, facsimile transmission directed Defendant to contact Plaintiff, ELIZABETH CRAIG's, attorney and included the contact information for the law firm.

164.   Defendant knowingly and/or willfully communicated with Plaintiff, ELIZABETH CRAIG, after Defendant had unequivocal notice that Plaintiff, ELIZABETH CRAIG, was represented by an attorney and could readily ascertain the Firm's contact information.

165.   Plaintiff, ELIZABETH CRAIG's, attorney did not fail to respond within a reasonable period of time to any communication from Defendant and did not consent to Defendant's direct communication with Plaintiff, ELIZABETH CRAIG.

## PLAINTIFF 16 – IRMA CUESTA-MEDINA

166.    Plaintiff, IRMA CUESTA-MEDINA, is an individual who owned real property in Hillsborough County, Florida.

167.    Plaintiff, IRMA CUESTA-MEDINA, is a consumer as defined by the FCCPA, Fla. Stat. § 559.55(8).

168.    Defendant, at all material times, was attempting to collect a debt relating to a Wells Fargo Mortgage, Account Number ending in –9407.

169.    Plaintiff, IRMA CUESTA-MEDINA, revoked any prior express consent to be contacted via cell phone or any other form of communication on December 4, 2015, through a facsimile transmission to Defendant's facsimile number 866-844-0163.

170.    Plaintiff, IRMA CUESTA-MEDINA, is the regular user and carrier of the cellular telephone number ending in -0848 and was the called party and recipient of calls made by Defendant's automatic telephone dialing system and/or artificial or prerecorded voice.

171.    Defendant knowingly and/or willfully harassed and abused Plaintiff, IRMA CUESTA-MEDINA, by calling Plaintiff, IRMA CUESTA-MEDINA's, cellular telephone multiple times per day after she revoked consent to be contacted on December 4, 2015.

172.    Defendant knowingly and/or willfully called Plaintiff, IRMA CUESTA-MEDINA's, cellular telephone after Defendant had unequivocal notice from Plaintiff, IRMA CUESTA-MEDINA, to cease any and all calls and after Plaintiff, IRMA CUESTA-MEDINA, withdrew any prior consent or permission to be contacted.

173.    In addition to the request not to be contacted by Defendant, Plaintiff, IRMA CUESTA-MEDINA's, facsimile transmission directed Defendant to contact Plaintiff, IRMA CUESTA-MEDINA's, attorney and included the contact information for the law firm.

174.    Defendant knowingly and/or willfully communicated with Plaintiff, IRMA CUESTA-MEDINA, after Defendant had unequivocal notice that Plaintiff, IRMA CUESTA-MEDINA, was represented by an attorney and could readily ascertain the Firm's contact information.

175.    Plaintiff, IRMA CUESTA-MEDINA's, attorney did not fail to respond within a reasonable period of time to any communication from Defendant and did not consent to Defendant's direct communication with Plaintiff, IRMA CUESTA-MEDINA.

### PLAINTIFF 17 – WILLIAM DANIELS

176.    Plaintiff, WILLIAM DANIELS, is an individual who owned real property in Manatee County, Florida.

177.    Plaintiff, WILLIAM DANIELS, is a consumer as defined by the FCCPA, Fla. Stat. § 559.55(8).

178.    Defendant, at all material times, was attempting to collect a debt relating to a Wells Fargo Mortgage, Account Number ending in –8409.

179.    Plaintiff, WILLIAM DANIELS, revoked any prior express consent to be contacted via cell phone or any other form of communication on October 13, 2015, through a facsimile transmission to Defendant's facsimile number 866-278-1179.

180.    Plaintiff, WILLIAM DANIELS, is the regular user and carrier of the cellular telephone number ending in -3309 and was the called party and recipient of calls made by Defendant's automatic telephone dialing system and/or artificial or prerecorded voice.

181.    Defendant knowingly and/or willfully harassed and abused Plaintiff, WILLIAM DANIELS, by calling Plaintiff, WILLIAM DANIELS', cellular telephone multiple times per day after he revoked consent to be contacted on October 13, 2015.

182.     Defendant knowingly and/or willfully called Plaintiff, WILLIAM DANIELS', cellular telephone after Defendant had unequivocal notice from Plaintiff, WILLIAM DANIELS, to cease any and all calls and after Plaintiff, WILLIAM DANIELS, withdrew any prior consent or permission to be contacted.

183.     In addition to the request not to be contacted by Defendant, Plaintiff, WILLIAM DANIELS', facsimile transmission directed Defendant to contact Plaintiff, WILLIAM DANIELS', attorney and included the contact information for the law firm.

184.     Defendant knowingly and/or willfully communicated with Plaintiff, WILLIAM DANIELS, after Defendant had unequivocal notice that Plaintiff, WILLIAM DANIELS, was represented by an attorney and could readily ascertain the Firm's contact information.

185.     Plaintiff, WILLIAM DANIELS', attorney did not fail to respond within a reasonable period of time to any communication from Defendant and did not consent to Defendant's direct communication with Plaintiff, WILLIAM DANIELS.

### PLAINTIFF 18 – JOSEPH DEMMI

186.     Plaintiff, JOSEPH DEMMI, is an individual who resides in Hillsborough County, Florida.

187.     Plaintiff, JOSEPH DEMMI, is a consumer as defined by the FCCPA, Fla. Stat. § 559.55(8).

188.     Defendant, at all material times, was attempting to collect a debt relating to a Wells Fargo Mortgage, Account Number ending in -2494.

189.     Plaintiff, JOSEPH DEMMI, revoked any prior express consent to be contacted via cell phone or any other form of communication on April 22, 2015, through a facsimile transmission to Defendant's facsimile number, 515-324-2417.

190.    Plaintiff, JOSEPH DEMMI, revoked any prior express consent to be contacted via cell phone or any other form of communication for a second time on May 6, 2015, through a facsimile transmission to Defendant's facsimile number, 515-324-2417.

191.    Plaintiff, JOSEPH DEMMI, is the regular user and carrier of the cellular telephone number ending in -8581 and was the called party and recipient of calls made by Defendant's automatic telephone dialing system and/or artificial or prerecorded voice.

192.    Defendant knowingly and/or willfully harassed and abused Plaintiff, JOSEPH DEMMI, by calling Plaintiff, JOSEPH DEMMI's, cellular telephone multiple times per day after he revoked consent to be contacted on April 22, 2015 and again on May 6, 2015.

193.    Defendant knowingly and/or willfully called Plaintiff, JOSEPH DEMMI's, cellular telephone after Defendant had unequivocal notice from Plaintiff, JOSEPH DEMMI, to cease any and all calls and after Plaintiff, JOSEPH DEMMI, withdrew any prior consent or permission to be contacted.

194.    In addition to the request not to be contacted by Defendant, Plaintiff, JOSEPH DEMMI's, facsimile transmission directed Defendant to contact Plaintiff, JOSEPH DEMMI's, attorney and included the contact information for the law firm.

195.    Defendant knowingly and/or willfully communicated with Plaintiff, JOSEPH DEMMI, after Defendant had unequivocal notice that Plaintiff, JOSEPH DEMMI, was represented by an attorney and could readily ascertain the Firm's contact information.

196.    Plaintiff, JOSEPH DEMMI's, attorney did not fail to respond within a reasonable period of time to any communication from Defendant and did not consent to Defendant's direct communication with Plaintiff, JOSEPH DEMMI.

### PLAINTIFF 19 – MARIANNE DUDA

197.   Plaintiff, MARIANNE DUDA, is an individual who owned real property in Hillsborough County, Florida.

198.   Defendant, at all material times, was attempting to collect a debt relating to a Wells Fargo Mortgage, Account Number ending in –4490.

199.   Plaintiff, MARIANNE DUDA, revoked any prior express consent to be contacted via cell phone or any other form of communication on September 28, 2012, through a facsimile transmission to Defendant's facsimile numbers 866-969-0103, 866-917-1877, and 866-834-7648.

200.   Plaintiff, MARIANNE DUDA, is the regular user and carrier of the cellular telephone number ending in -0118 and was the called party and recipient of calls made by Defendant's automatic telephone dialing system and/or artificial or prerecorded voice.

201.   Defendant knowingly and/or willfully harassed and abused Plaintiff, MARIANNE DUDA, by calling Plaintiff, MARIANNE DUDA's, cellular telephone multiple times per day after she revoked consent to be contacted on September 28, 2012.

202.   Defendant knowingly and/or willfully called Plaintiff, MARIANNE DUDA's, cellular telephone after Defendant had unequivocal notice from Plaintiff, MARIANNE DUDA, to cease any and all calls and after Plaintiff, MARIANNE DUDA, withdrew any prior consent or permission to be contacted.

203.   In addition to the request not to be contacted by Defendant, Plaintiff, MARIANNE DUDA's, facsimile transmission directed Defendant to contact Plaintiff MARIANNE DUDA's, attorney and included the contact information for the law firm.

204.    Defendant knowingly and/or willfully communicated with Plaintiff, MARIANNE DUDA, after Defendant had unequivocal notice that Plaintiff, MARIANNE DUDA, was represented by an attorney and could readily ascertain the Firm's contact information.

205.    Plaintiff, MARIANNE DUDA's, attorney did not fail to respond within a reasonable period of time to any communication from Defendant and did not consent to Defendant's direct communication with Plaintiff, MARIANNE DUDA.

## PLAINTIFF 20 – ADAM ELEND

206.    Plaintiff, ADAM ELEND, is an individual who owned real property in Hillsborough County, Florida.

207.    Defendant, at all material times, was attempting to collect a debt relating to a Wells Fargo Mortgage, Account Number ending in –9925.

208.    Plaintiff, ADAM ELEND, revoked any prior express consent to be contacted via cell phone or any other form of communication on May 21, 2012, through a facsimile transmission to Defendant's facsimile numbers 866-969-0103, 866-917-1877, and 866-729-9592.

209.    Plaintiff, ADAM ELEND, is the regular user and carrier of the cellular telephone number ending in -1325 and was the called party and recipient of calls made by Defendant's automatic telephone dialing system and/or artificial or prerecorded voice.

210.    Defendant knowingly and/or willfully harassed and abused Plaintiff, ADAM ELEND, by calling Plaintiff, ADAM ELEND's, cellular telephone multiple times per day after he revoked consent to be contacted on May 21, 2012.

211.    Defendant knowingly and/or willfully called Plaintiff, ADAM ELEND's, cellular telephone after Defendant had unequivocal notice from Plaintiff, ADAM ELEND, to cease any

and all calls and after Plaintiff, ADAM ELEND, withdrew any prior consent or permission to be contacted.

212.    In addition to the request not to be contacted by Defendant, Plaintiff ADAM ELEND's, facsimile transmission directed Defendant to contact Plaintiff ADAM ELEND's, attorney and included the contact information for the law firm.

213.    Defendant knowingly and/or willfully communicated with Plaintiff, ADAM ELEND, after Defendant had unequivocal notice that Plaintiff, ADAM ELEND, was represented by an attorney and could readily ascertain the Firm's contact information.

214.    Plaintiff, ADAM ELEND's, attorney did not fail to respond within a reasonable period of time to any communication from Defendant and did not consent to Defendant's direct communication with Plaintiff, ADAM ELEND.

## PLAINTIFF 21 – NICOLE FERRARI

215.    Plaintiff, NICOLE FERRARI, is an individual who owned real property in Hillsborough County, Florida.

216.    Defendant, at all material times, was attempting to collect a debt relating to a Wells Fargo Mortgage, Account Number ending in –9351.

217.    Plaintiff, NICOLE FERRARI, revoked any prior express consent to be contacted via cell phone or any other form of communication on April 26, 2012, through a facsimile transmission to Defendant's facsimile number 866-969-0103.

218.    Plaintiff, NICOLE FERRARI, is the regular user and carrier of the cellular telephone number ending in -2063 and was the called party and recipient of calls made by Defendant's automatic telephone dialing system and/or artificial or prerecorded voice.

219.    Defendant knowingly and/or willfully harassed and abused Plaintiff, NICOLE FERRARI, by calling Plaintiff, NICOLE FERRARI's, cellular telephone multiple times per day after she revoked consent to be contacted on April 26, 2012.

220.    Defendant knowingly and/or willfully called Plaintiff, NICOLE FERRARI's, cellular telephone after Defendant had unequivocal notice from Plaintiff, NICOLE FERRARI, to cease any and all calls and after Plaintiff, NICOLE FERRARI, withdrew any prior consent or permission to be contacted.

221.    In addition to the request not to be contacted by Defendant, Plaintiff, NICOLE FERRARI's, facsimile transmission directed Defendant to contact Plaintiff, NICOLE FERRARI's, attorney and included the contact information for the law firm.

222.    Defendant knowingly and/or willfully communicated with Plaintiff, NICOLE FERRARI, after Defendant had unequivocal notice that Plaintiff, NICOLE FERRARI, was represented by an attorney and could readily ascertain the Firm's contact information.

223.    Plaintiff, NICOLE FERRARI's, attorney did not fail to respond within a reasonable period of time to any communication from Defendant and did not consent to Defendant's direct communication with Plaintiff, NICOLE FERRAR.

## PLAINTIFF 22 – CATHY FORREST

224.    Plaintiff, CATHY FORREST, is an individual who owned real property in Pasco County, Florida.

225.    Defendant, at all material times, was attempting to collect a debt relating to a Wells Fargo Mortgage, Account Number ending in –9199.

226.    Plaintiff, CATHY FORREST, revoked any prior express consent to be contacted via cell phone or any other form of communication on August 14, 2012, through a facsimile transmission to Defendant's facsimile numbers 866-969-0103, 866-917-1877, and 866-834-7648.

227.    Plaintiff, CATHY FORREST, is the regular user and carrier of the cellular telephone number ending in -9573 and was the called party and recipient of calls made by Defendant's automatic telephone dialing system and/or artificial or prerecorded voice.

228.    Defendant knowingly and/or willfully harassed and abused Plaintiff, CATHY FORREST, by calling Plaintiff, CATHY FORREST's, cellular telephone multiple times per day after she revoked consent to be contacted on August 14, 2012.

229.    Defendant knowingly and/or willfully called Plaintiff, CATHY FORREST's, cellular telephone after Defendant had unequivocal notice from Plaintiff, CATHY FORREST, to cease any and all calls and after Plaintiff, CATHY FORREST, withdrew any prior consent or permission to be contacted.

230.    In addition to the request not to be contacted by Defendant, Plaintiff, CATHY FORREST's, facsimile transmission directed Defendant to contact Plaintiff, CATHY FORREST's, attorney and included the contact information for the law firm.

231.    Defendant knowingly and/or willfully communicated with Plaintiff CATHY FORREST, after Defendant had unequivocal notice that Plaintiff, CATHY FORREST, was represented by an attorney and could readily ascertain the Firm's contact information.

232.    Plaintiff, CATHY FORREST's, attorney did not fail to respond within a reasonable period of time to any communication from Defendant and did not consent to Defendant's direct communication with Plaintiff, CATHY FORREST.

## PLAINTIFF 23 – CARMELA FOURNIER

233.    Plaintiff, CARMELA FOURNIER, is an individual who owned real property in Pinellas County, Florida.

234.    Plaintiff, CARMELA FOURNIER, is a consumer as defined by the FCCPA, Fla. Stat. § 559.55(8).

235.    Defendant, at all material times, was attempting to collect a debt relating to a Wells Fargo Mortgage, Account Number ending in –0001 and -7078.

236.    Plaintiff, CARMELA FOURNIER, revoked any prior express consent to be contacted via cell phone or any other form of communication on August 11, 2015, through a facsimile transmission to Defendant's facsimile number 866-834-7949.

237.    Plaintiff, CARMELA FOURNIER, is the regular user and carrier of the cellular telephone number ending in -5326 and was the called party and recipient of calls made by Defendant's automatic telephone dialing system and/or artificial or prerecorded voice.

238.    Defendant knowingly and/or willfully harassed and abused Plaintiff, CARMELA FOURNIER, by calling Plaintiff, CARMELA FOURNIER's, cellular telephone multiple times per day after she revoked consent to be contacted on August 11, 2015.

239.    Defendant knowingly and/or willfully called Plaintiff, CARMELA FOURNIER's, cellular telephone after Defendant had unequivocal notice from Plaintiff, CARMELA FOURNIER, to cease any and all calls and after Plaintiff, CARMELA FOURNIER, withdrew any prior consent or permission to be contacted.

240.    In addition to the request not to be contacted by Defendant, Plaintiff, CARMELA FOURNIER's, facsimile transmission directed Defendant to contact Plaintiff, CARMELA FOURNIER's, attorney and included the contact information for the law firm.

241.     Defendant knowingly and/or willful called Plaintiff CARMELA FOURNIER, after Defendant had unequivocal notice that Plaintiff, CARMELA FOURNIER, was represented by an attorney and could readily ascertain the Firm's contact information.

242.     Plaintiff, CARMELA FOURNIER's, attorney did not fail to respond within a reasonable period of time to any communication from Defendant and did not consent to Defendant's direct communication with Plaintiff, CARMELA FOURNIER.

### PLAINTIFF 24 – SUMMER GARNER

243.     Plaintiff, SUMMER GARNER, is an individual who owned real property in Pinellas County, Florida.

244.     Plaintiff, SUMMER GARNER, is a consumer as defined by the FCCPA, Fla. Stat. § 559.55(8).

245.     Defendant, at all material times, was attempting to collect a debt relating to a Wells Fargo Mortgage, Account Number ending in –4096.

246.     Plaintiff, SUMMER GARNER, revoked any prior express consent to be contacted via cell phone or any other form of communication on February 19, 2016, through a facsimile transmission to Defendant's facsimile number 866-844-0163.

247.     Plaintiff, SUMMER GARNER, is the regular user and carrier of the cellular telephone number ending in -8038 and was the called party and recipient of calls made by Defendant's automatic telephone dialing system and/or artificial or prerecorded voice.

248.     Defendant knowingly and/or willfully harassed and abused Plaintiff, SUMMER GARNER, by calling Plaintiff, SUMMER GARNER's, cellular telephone multiple times per day after she revoked consent to be contacted on February 19, 2016.

249.    Defendant knowingly and/or willfully called Plaintiff, SUMMER GARNER's, cellular telephone after Defendant had unequivocal notice from Plaintiff, SUMMER GARNER, to cease any and all calls and after Plaintiff, SUMMER GARNER, withdrew any prior consent or permission to be contacted.

250.    In addition to the request not to be contacted by Defendant, Plaintiff, SUMMER GARNER's, facsimile transmission directed Defendant to contact Plaintiff, SUMMER GARNER's, attorney and included the contact information for the law firm.

251.    Defendant knowingly and/or willfully communicated with Plaintiff, SUMMER GARNER, after Defendant had unequivocal notice that Plaintiff, SUMMER GARNER, was represented by an attorney and could readily ascertain the Firm's contact information.

252.    Plaintiff, SUMMER GARNER's, attorney did not fail to respond within a reasonable period of time to any communication from Defendant and did not consent to Defendant's direct communication with Plaintiff, SUMMER GARNER.

### PLAINTIFF 25 – DAVID GIBSON

253.    Plaintiff, DAVID GIBSON, is an individual who owned real property in Hillsborough County, Florida.

254.    Defendant, at all material times, was attempting to collect a debt relating to a Wells Fargo Mortgage, Account Number ending in –3584.

255.    Plaintiff, DAVID GIBSON, revoked any prior express consent to be contacted via cell phone or any other form of communication on November 18, 2014, through a facsimile transmission to Defendant's facsimile number 866-844-0163.

256.    Plaintiff, DAVID GIBSON, is the regular user and carrier of the cellular telephone number ending in -4641 and was the called party and recipient of calls made by Defendant's automatic telephone dialing system and/or artificial or prerecorded voice.

257.    Defendant knowingly and/or willfully harassed and abused Plaintiff, DAVID GIBSON, by calling Plaintiff, DAVID GIBSON's, cellular telephone multiple times per day after he revoked consent to be contacted on November 18, 2014.

258.    Defendant knowingly and/or willfully called Plaintiff, DAVID GIBSON's, cellular telephone after Defendant had unequivocal notice from Plaintiff, DAVID GIBSON, to cease any and all calls and after Plaintiff, DAVID GIBSON, withdrew any prior consent or permission to be contacted.

259.    In addition to the request not to be contacted by Defendant, Plaintiff, DAVID GIBSON's, facsimile transmission directed Defendant to contact Plaintiff, DAVID GIBSON's, attorney and included the contact information for the law firm.

260.    Defendant knowingly and/or willfully communicated with Plaintiff, DAVID GIBSON, after Defendant had unequivocal notice that Plaintiff, DAVID GIBSON, was represented by an attorney and could readily ascertain the Firm's contact information.

261.    Plaintiff, DAVID GIBSON's, attorney did not fail to respond within a reasonable period of time to any communication from Defendant and did not consent to Defendant's direct communication with Plaintiff, DAVID GIBSON.

### PLAINTIFF 26 – KAREEM GOLDSON

262.    Plaintiff, KAREEM GOLDSON, is an individual who resides in Leon County, Florida.

263.    Plaintiff, KAREEM GOLDSON, is a consumer as defined by the FCCPA, Fla. Stat. § 559.55(8).

264.    Defendant, at all material times, was attempting to collect a debt relating to a Wells Fargo Credit Card, Account Number ending in –5357.

265.    Plaintiff, KAREEM GOLDSON, revoked any prior express consent to be contacted via cell phone or any other form of communication on July 21, 2016, through a facsimile transmission to Defendant's facsimile number 866-917-1877.

266.    Plaintiff, KAREEM GOLDSON, is the regular user and carrier of the cellular telephone number ending in -0055 and was the called party and recipient of calls made by Defendant's automatic telephone dialing system and/or artificial or prerecorded voice.

267.    Defendant knowingly and/or willfully harassed and abused Plaintiff, KAREEM GOLDSON, by calling Plaintiff, KAREEM GOLDSON's, cellular telephone multiple times per day after he revoked consent to be contacted on July 21, 2016.

268.    Defendant knowingly and/or willfully called Plaintiff, KAREEM GOLDSON's, cellular telephone after Defendant had unequivocal notice from Plaintiff, KAREEM GOLDSON, to cease any and all calls and after Plaintiff, KAREEM GOLDSON, withdrew any prior consent or permission to be contacted.

269.    In addition to the request not to be contacted by Defendant, Plaintiff, KAREEM GOLDSON's, facsimile transmission directed Defendant to contact Plaintiff, KAREEM GOLDSON's, attorney and included the contact information for the law firm.

270.    Defendant knowingly and/or willfully communicated with Plaintiff, KAREEM GOLDSON, after Defendant had unequivocal notice that Plaintiff, KAREEM GOLDSON, was represented by an attorney and could readily ascertain the Firm's contact information.

38

271.     Plaintiff, KAREEM GOLDSON's, attorney did not fail to respond within a reasonable period of time to any communication from Defendant and did not consent to Defendant's direct communication with Plaintiff, KAREEM GOLDSON.

### PLAINTIFF 27 – ALAN GOLDSTEIN

272.     Plaintiff, ALAN GOLDSTEIN, is an individual who owned real property in Indian River County, Florida.

273.     Defendant, at all material times, was attempting to collect a debt relating to a Wells Fargo Mortgage, Account Numbers ending in –7656 and -1998.

274.     Plaintiff, ALAN GOLDSTEIN, revoked any prior express consent to be contacted via cell phone or any other form of communication on October 27, 2014, through a facsimile transmission to Defendant's facsimile number 866-278-1179.

275.     Plaintiff, ALAN GOLDSTEIN, is the regular user and carrier of the cellular telephone number ending in -3117 and was the called party and recipient of calls made by Defendant's automatic telephone dialing system and/or artificial or prerecorded voice.

276.     Defendant knowingly and/or willfully harassed and abused Plaintiff, ALAN GOLDSTEIN, by calling Plaintiff, ALAN GOLDSTEIN's, cellular telephone multiple times per day after he revoked consent to be contacted on October 27, 2014.

277.     Defendant knowingly and/or willfully called Plaintiff, ALAN GOLDSTEIN's, cellular telephone after Defendant had unequivocal notice from Plaintiff, ALAN GOLDSTEIN, to cease any and all calls and after Plaintiff, ALAN GOLDSTEIN, withdrew any prior consent or permission to be contacted.

278.    In addition to the request not to be contacted by Defendant, Plaintiff, ALAN GOLDSTEIN's, facsimile transmission directed Defendant to contact Plaintiff, ALAN GOLDSTEIN's, attorney and included the contact information for the law firm.

279.    Defendant knowingly and/or willfully communicated with Plaintiff, ALAN GOLDSTEIN, after Defendant had unequivocal notice that Plaintiff, ALAN GOLDSTEIN, was represented by an attorney and could readily ascertain the Firm's contact information.

280.    Plaintiff, ALAN GOLDSTEIN's, attorney did not fail to respond within a reasonable period of time to any communication from Defendant and did not consent to Defendant's direct communication with Plaintiff, ALAN GOLDSTEIN.

### PLAINTIFF 28 – KATIE HOWARD

281.    Plaintiff, KATIE HOWARD, is an individual who owned real property in Hillsborough County, Florida.

282.    Defendant, at all material times, was attempting to collect a debt relating to a Wells Fargo Mortgage, Account Number ending in –6614.

283.    Plaintiff, KATIE HOWARD, revoked any prior express consent to be contacted via cell phone or any other form of communication on June 5, 2014, through a facsimile transmission to Defendant's facsimile number 866-278-1179.

284.    Plaintiff, KATIE HOWARD, is the regular user and carrier of the cellular telephone number ending in -2957 and was the called party and recipient of calls made by Defendant's automatic telephone dialing system and/or artificial or prerecorded voice.

285.    Defendant knowingly and/or willfully harassed and abused Plaintiff, KATIE HOWARD, by calling Plaintiff, KATIE HOWARD's, cellular telephone multiple times per day after she revoked consent to be contacted on June 5, 2014.

286.     Defendant knowingly and/or willfully called Plaintiff, KATIE HOWARD's, cellular telephone after Defendant had unequivocal notice from Plaintiff, KATIE HOWARD, to cease any and all calls and after Plaintiff, KATIE HOWARD, withdrew any prior consent or permission to be contacted.

287.     In addition to the request not to be contacted by Defendant, Plaintiff, KATIE HOWARD's, facsimile transmission directed Defendant to contact Plaintiff, KATIE HOWARD's, attorney and included the contact information for the law firm.

288.     Defendant knowingly and/or willfully communicated with Plaintiff, KATIE HOWARD, after Defendant had unequivocal notice that Plaintiff, KATIE HOWARD, was represented by an attorney and could readily ascertain the Firm's contact information.

289.     Plaintiff, KATIE HOWARD's, attorney did not fail to respond within a reasonable period of time to any communication from Defendant and did not consent to Defendant's direct communication with Plaintiff, KATIE HOWARD.

## PLAINTIFF 29 – PATRICIA HUBBARD

290.     Plaintiff, PATRICIA HUBBARD, is an individual who owned real property in Pinellas County, Florida.

291.     Defendant, at all material times, was attempting to collect a debt relating to a Wells Fargo Mortgage, Account Number ending in –8703.

292.     Plaintiff, PATRICIA HUBBARD, revoked any prior express consent to be contacted via cell phone or any other form of communication on August 29, 2014, through a facsimile transmission to Defendant's facsimile number 888-257-7799.

293.    Plaintiff, PATRICIA HUBBARD, is the regular user and carrier of the cellular telephone number ending in -5610 and was the called party and recipient of calls made by Defendant's automatic telephone dialing system and/or artificial or prerecorded voice.

294.    Defendant knowingly and/or willfully harassed and abused Plaintiff, PATRICIA HUBBARD, by calling Plaintiff, PATRICIA HUBBARD's, cellular telephone multiple times per day after she revoked consent to be contacted on August 29, 2014.

295.    Defendant knowingly and/or willfully called Plaintiff, PATRICIA HUBBARD's, cellular telephone after Defendant had unequivocal notice from Plaintiff, PATRICIA HUBBARD, to cease any and all calls and after Plaintiff, PATRICIA HUBBARD, withdrew any prior consent or permission to be contacted.

296.    In addition to the request not to be contacted by Defendant, Plaintiff, PATRICIA HUBBARD's, facsimile transmission directed Defendant to contact Plaintiff, PATRICIA HUBBARD's, attorney and included the contact information for the law firm.

297.    Defendant knowingly and/or willfully communicated with Plaintiff, PATRICIA HUBBARD, after Defendant had unequivocal notice that Plaintiff, PATRICIA HUBBARD, was represented by an attorney and could readily ascertain the Firm's contact information.

298.    Plaintiff, PATRICIA HUBBARD's, attorney did not fail to respond within a reasonable period of time to any communication from Defendant and did not consent to Defendant's direct communication with Plaintiff, PATRICIA HUBBARD.

## PLAINTIFF 30 – AMY JOHNSON

299.    Plaintiff, AMY JOHNSON, is an individual who owned real property in Pinellas County, Florida.

300.    Defendant, at all material times, was attempting to collect a debt relating to a Wells Fargo Mortgage, Account Number ending in –9533.

301.    Plaintiff, AMY JOHNSON, revoked any prior express consent to be contacted via cell phone or any other form of communication on December 6, 2012, through a facsimile transmission to Defendant's facsimile numbers 866-969-0103, 866-917-1877, and 866-834-7648.

302.    Plaintiff, AMY JOHNSON, is the regular user and carrier of the cellular telephone number ending in -5432 and was the called party and recipient of Calls made by Defendant's automatic telephone dialing system and/or artificial or prerecorded voice.

303.    Defendant knowingly and/or willfully harassed and abused Plaintiff, AMY JOHNSON, by calling Plaintiff, AMY JOHNSON's, cellular telephone multiple times per day after she revoked consent to be contacted on December 6, 2012.

304.    Defendant knowingly and/or willfully called Plaintiff, AMY JOHNSON's, cellular telephone after Defendant had unequivocal notice from Plaintiff, AMY JOHNSON, to cease any and all calls and after Plaintiff, AMY JOHNSON, withdrew any prior consent or permission to be contacted.

305.    In addition to the request not to be contacted by Defendant, Plaintiff, AMY JOHNSON's, facsimile transmission directed Defendant to contact Plaintiff, AMY JOHNSON's, attorney and included the contact information for the law firm.

306.    Defendant knowingly and/or willfully communicated with Plaintiff, AMY JOHNSON's, cellular telephone after Defendant had unequivocal notice that Plaintiff, AMY JOHNSON, was represented by an attorney and could readily ascertain the Firm's contact information.

307.    Plaintiff, AMY JOHNSON's, attorney did not fail to respond within a reasonable period of time to any communication from Defendant and did not consent to Defendant's direct communication with Plaintiff, AMY JOHNSON.

### PLAINTIFF 31 –DENNIS JOHNSON

308.    Plaintiff, DENNIS JOHNSON, is an individual who owned real property in Pinellas County, Florida.

309.    Defendant, at all material times, was attempting to collect a debt relating to a Wells Fargo Mortgage, Account Number ending in –9533.

310.    Plaintiff, DENNIS JOHNSON, revoked any prior express consent to be contacted via cell phone or any other form of communication on December 6, 2012, through a facsimile transmission to Defendant's facsimile numbers 866-969-0103, 866-917-1877, and 866-834-7648.

311.    Plaintiff, DENNIS JOHNSON, is the regular user and carrier of the cellular telephone number ending in -4305 and was the called party and recipient of Calls made by Defendant's automatic telephone dialing system and/or artificial or prerecorded voice.

312.    Defendant knowingly and/or willfully harassed and abused Plaintiff, DENNIS JOHNSON, by calling Plaintiff, DENNIS JOHNSON's, cellular telephone multiple times per day after he revoked consent to be contacted on December 6, 2012.

313.    Defendant knowingly and/or willfully called Plaintiff, DENNIS JOHNSON's, cellular telephone after Defendant had unequivocal notice from Plaintiff, DENNIS JOHNSON, to cease any and all calls and after Plaintiff, DENNIS JOHNSON, withdrew any prior consent or permission to be contacted.

314.    In addition to the request not to be contacted by Defendant, Plaintiff, DENNIS JOHNSON's, facsimile transmission directed Defendant to contact Plaintiff, AMY JOHNSON's, attorney and included the contact information for the law firm.

315.    Defendant knowingly and/or willfully communicated with Plaintiff, DENNIS JOHNSON, after Defendant had unequivocal notice that Plaintiff, DENNIS JOHNSON, was represented by an attorney and could readily ascertain the Firm's contact information.

316.    Plaintiff, DENNIS JOHNSON's, attorney did not fail to respond within a reasonable period of time to any communication from Defendant and did not consent to Defendant's direct communication with Plaintiff, DENNIS JOHNSON.

## PLAINTIFF 32 – JENNIFER JUCHNO

317.    Plaintiff, JENNIFER JUCHNO, is an individual who owned real property in Pinellas County, Florida.

318.    Defendant, at all material times, was attempting to collect a debt relating to a Wells Fargo Mortgage, Account Numbers ending in -3374 and -1998.

319.    Plaintiff, JENNIFER JUCHNO, revoked any prior express consent to be contacted via cell phone or any other form of communication on August 3, 2012, through a facsimile transmission to Defendant's facsimile number 866-969-0103.

320.    Plaintiff, JENNIFER JUCHNO, is the regular user and carrier of the cellular telephone number ending in -6785 and was the called party and recipient of calls made by Defendant's automatic telephone dialing system and/or artificial or prerecorded voice.

321.    Defendant knowingly and/or willfully harassed and abused Plaintiff, JENNIFER JUCHNO, by calling Plaintiff, JENNIFER JUCHNO's, cellular telephone multiple times per day after she revoked consent to be contacted on August 3, 2012.

322.    Defendant knowingly and/or willfully called Plaintiff, JENNIFER JUCHNO's, cellular telephone after Defendant had unequivocal notice from Plaintiff, JENNIFER JUCHNO, to cease any and all calls and after Plaintiff, JENNIFER JUCHNO, withdrew any prior consent or permission to be contacted.

323.    In addition to the request not to be contacted by Defendant, Plaintiff, JENNIFER JUCHNO's, facsimile transmission directed Defendant to contact Plaintiff, JENNIFER JUCHNO's, attorney and included the contact information for the law firm.

324.    Defendant knowingly and/or willfully communicated with Plaintiff, JENNIFER JUCHNO, after Defendant had unequivocal notice that Plaintiff, JENNIFER JUCHNO, was represented by an attorney and could readily ascertain the Firm's contact information.

325.    Plaintiff, JENNIFER JUCHNO's, attorney did not fail to respond within a reasonable period of time to any communication from Defendant and did not consent to Defendant's direct communication with Plaintiff, JENNIFER JUCHNO.

## PLAINTIFF 33 – PATRICIA MARINELLI

326.    Plaintiff, PATRICIA MARINELLI, is an individual who owned real property in Pinellas County, Florida.

327.    Defendant, at all material times, was attempting to collect a debt relating to a Wells Fargo Mortgage, Account Number ending in -1998.

328.    Plaintiff, PATRICIA MARINELLI, revoked any prior express consent to be contacted via cell phone or any other form of communication on June 28, 2013, through a facsimile transmission to Defendant's facsimile numbers 866-969-0103, 866-917-1877, and 866-834-7648.

329.     Plaintiff, PATRICIA MARINELLI, is the regular user and carrier of the cellular telephone number ending in -3664 and was the called party and recipient of calls made by Defendant's automatic telephone dialing system and/or artificial or prerecorded voice.

330.     Defendant knowingly and/or willfully harassed and abused Plaintiff, PATRICIA MARINELLI, by calling Plaintiff, PATRICIA MARINELLI's, cellular telephone multiple times per day after she revoked consent to be contacted on June 28, 2013.

331.     Defendant knowingly and/or willfully called Plaintiff, PATRICIA MARINELLI's, cellular telephone after Defendant had unequivocal notice from Plaintiff, PATRICIA MARINELLI, to cease any and all calls and after Plaintiff, PATRICIA MARINELLI, withdrew any prior consent or permission to be contacted.

332.     In addition to the request not to be contacted by Defendant, Plaintiff, PATRICIA MARINELLI's, facsimile transmission directed Defendant to contact Plaintiff, PATRICIA MARINELLI's, attorney and included the contact information for the law firm.

333.     Defendant knowingly and/or willfully communicated with Plaintiff, PATRICIA MARINELLI, after Defendant had unequivocal notice that Plaintiff, PATRICIA MARINELLI, was represented by an attorney and could readily ascertain the Firm's contact information.

334.     Plaintiff, PATRICIA MARINELLI's, attorney did not fail to respond within a reasonable period of time to any communication from Defendant and did not consent to Defendant's direct communication with Plaintiff, PATRICIA MARINELLI.

### PLAINTIFF 34 – DIANE MARRERO

335.     Plaintiff, DIANE MARRERO, is an individual who owned real property in Hillsborough County, Florida.

336.     Defendant, at all material times, was attempting to collect a debt relating to a Wells Fargo Mortgage, Account Number ending in -5418.

337.     Plaintiff, DIANE MARRERO, revoked any prior express consent to be contacted via cell phone or any other form of communication on October 24, 2012, through a facsimile transmission to Defendant's facsimile numbers 866-969-0103, 866-917-1877, and 866-834-7648.

338.     Plaintiff, DIANE MARRERO, is the regular user and carrier of the cellular telephone number ending in -6226 and was the called party and recipient of calls made by Defendant's automatic telephone dialing system and/or artificial or prerecorded voice.

339.     Defendant knowingly and/or willfully harassed and abused Plaintiff, DIANE MARRERO, by calling Plaintiff, DIANE MARRERO's, cellular telephone multiple times per day after she revoked consent to be contacted on October 24, 2012.

340.     Defendant knowingly and/or willfully called Plaintiff, DIANE MARRERO's, cellular telephone after Defendant had unequivocal notice from Plaintiff, DIANE MARRERO, to cease any and all calls and after Plaintiff, DIANE MARRERO, withdrew any prior consent or permission to be contacted.

341.     In addition to the request not to be contacted by Defendant, Plaintiff, DIANE MARRERO's, facsimile transmission directed Defendant to contact Plaintiff, DIANE MARRERO's, attorney and included the contact information for the law firm.

342.     Defendant knowingly and/or willfully communicated with Plaintiff, DIANE MARRERO, after Defendant had unequivocal notice that Plaintiff, DIANE MARRERO, was represented by an attorney and could readily ascertain the Firm's contact information.

343.    Plaintiff, DIANE MARRERO's, attorney did not fail to respond within a reasonable period of time to any communication from Defendant and did not consent to Defendant's direct communication with Plaintiff, DIANE MARRERO.

### PLAINTIFF 35 – HUGH MCCAIN

344.    Plaintiff, HUGH MCCAIN, is an individual who owned real property in Pinellas County, Florida.

345.    Defendant, at all material times, was attempting to collect a debt relating to a Wells Fargo Mortgage, Account Number ending in -1998.

346.    Plaintiff, HUGH MCCAIN, revoked any prior express consent to be contacted via cell phone or any other form of communication on March 12, 2012, through a facsimile transmission to Defendant's facsimile numbers 866-969-0103, 866-917-1877, and 866-729-9592.

347.    Plaintiff, HUGH MCCAIN, is the regular user and carrier of the cellular telephone number ending in -0555 and was the called party and recipient of calls made by Defendant's automatic telephone dialing system and/or artificial or prerecorded voice.

348.    Defendant knowingly and/or willfully harassed and abused Plaintiff, HUGH MCCAIN, by calling Plaintiff, HUGH MCCAIN's, cellular telephone multiple times per day after he revoked consent to be contacted on March 12, 2012.

349.    Defendant knowingly and/or willfully called Plaintiff, HUGH MCCAIN's, cellular telephone after Defendant had unequivocal notice from Plaintiff, HUGH MCCAIN, to cease any and all calls and after Plaintiff, HUGH MCCAIN, withdrew any prior consent or permission to be contacted.

350.    In addition to the request not to be contacted by Defendant, Plaintiff, HUGH MCCAIN's, facsimile transmission directed Defendant to contact Plaintiff, HUGH MCCAIN's, attorney and included the contact information for the law firm.

351.    Defendant knowingly and/or willfully communicated with Plaintiff, HUGH MCCAIN, after Defendant had unequivocal notice that Plaintiff, HUGH MCCAIN, was represented by an attorney and could readily ascertain the Firm's contact information.

352.    Plaintiff, HUGH MCCAIN's, attorney did not fail to respond within a reasonable period of time to any communication from Defendant and did not consent to Defendant's direct communication with Plaintiff, HUGH MCCAIN.

### PLAINTIFF 36 – CHRISTINE MCCALL

353.    Plaintiff, CHRISTINE MCCALL, is an individual who owned real property in Leon County, Florida.

354.    Defendant, at all material times, was attempting to collect a debt relating to a Wells Fargo Mortgage, Account Number ending in -6218.

355.    Plaintiff, CHRISTINE MCCALL, revoked any prior express consent to be contacted via cell phone or any other form of communication on November 12, 2014, through a facsimile transmission to Defendant's facsimile number 866-844-0163.

356.    Plaintiff, CHRISTINE MCCALL, is the regular user and carrier of the cellular telephone number ending in -1283 and was the called party and recipient of calls made by Defendant's automatic telephone dialing system and/or artificial or prerecorded voice.

357.    Defendant knowingly and/or willfully harassed and abused Plaintiff, CHRISTINE MCCALL, by calling Plaintiff, CHRISTINE MCCALL's, cellular telephone multiple times per day after she revoked consent to be contacted on November 12, 2014.

358.     Defendant knowingly and/or willfully called Plaintiff, CHRISTINE MCCALL's, cellular telephone after Defendant had unequivocal notice from Plaintiff, CHRISTINE MCCALL, to cease any and all calls and after Plaintiff, CHRISTINE MCCALL, withdrew any prior consent or permission to be contacted.

359.     In addition to the request not to be contacted by Defendant, Plaintiff, CHRISTINE MCCALL's, facsimile transmission directed Defendant to contact Plaintiff CHRISTINE MCCALL's, attorney and included the contact information for the law firm.

360.     Defendant knowingly and/or willfully communicated with Plaintiff, CHRISTINE MCCALL, after Defendant had unequivocal notice that Plaintiff, CHRISTINE MCCALL, was represented by an attorney and could readily ascertain the Firm's contact information.

361.     Plaintiff, CHRISTINE MCCALL's, attorney did not fail to respond within a reasonable period of time to any communication from Defendant and did not consent to Defendant's direct communication with Plaintiff, CHRISTINE MCCALL.

## PLAINTIFF 37 – KERRY MCCANE

362.     Plaintiff, KERRY MCCANE, is an individual who owned real property in Sarasota County, Florida.

363.     Defendant, at all material times, was attempting to collect a debt relating to a Wells Fargo Mortgage, Account Number ending in -2657.

364.     Plaintiff, KERRY MCCANE, revoked any prior express consent to be contacted via cell phone or any other form of communication on October 7, 2013, through a facsimile transmission to Defendant's facsimile number 866-765-6075.

365.    Plaintiff, KERRY MCCANE, is the regular user and carrier of the cellular telephone number ending in -2317 and was the called party and recipient of calls made by Defendant's automatic telephone dialing system and/or artificial or prerecorded voice.

366.    Defendant knowingly and/or willfully harassed and abused Plaintiff, KERRY MCCANE, by calling Plaintiff, KERRY MCCANE's, cellular telephone multiple times per day after she revoked consent to be contacted on October 7, 2013.

367.    Defendant knowingly and/or willfully called Plaintiff, KERRY MCCANE's, cellular telephone after Defendant had unequivocal notice from Plaintiff, KERRY MCCANE, to cease any and all calls and after Plaintiff, KERRY MCCANE, withdrew any prior consent or permission to be contacted.

368.    In addition to the request not to be contacted by Defendant, Plaintiff, KERRY MCCANE's, facsimile transmission directed Defendant to contact Plaintiff, KERRY MCCANE's, attorney and included the contact information for the law firm.

369.    Defendant knowingly and/or willfully communicated with Plaintiff, KERRY MCCANE, after Defendant had unequivocal notice that Plaintiff, KERRY MCCANE, was represented by an attorney and could readily ascertain the Firm's contact information.

370.    Plaintiff, KERRY MCCANE's, attorney did not fail to respond within a reasonable period of time to any communication from Defendant and did not consent to Defendant's direct communication with Plaintiff, KERRY MCCANE.

### PLAINTIFF 38 – MARCUS MCINTEE

371.    Plaintiff, MARCUS MCINTEE, is an individual who owned real property in Osceola County, Florida.

372.     Defendant, at all material times, was attempting to collect a debt relating to a Wells Fargo Mortgage, Account Number ending in -1769.

373.     Plaintiff, MARCUS MCINTEE, revoked any prior express consent to be contacted via cell phone or any other form of communication on February 16, 2012, through a facsimile transmission to Defendant's facsimile numbers 866-969-0103 and 866-917-1877.

374.     Plaintiff, MARCUS MCINTEE, is the regular user and carrier of the cellular telephone number ending in -0483 and was the called party and recipient of calls made by Defendant's automatic telephone dialing system and/or artificial or prerecorded voice.

375.     Defendant knowingly and/or willfully harassed and abused Plaintiff, MARCUS MCINTEE, by calling Plaintiff, MARCUS MCINTEE's, cellular telephone multiple times per day after he revoked consent to be contacted on February 16, 2012.

376.     Defendant knowingly and/or willfully called Plaintiff, MARCUS MCINTEE's, cellular telephone after Defendant had unequivocal notice from Plaintiff, MARCUS MCINTEE, to cease any and all calls and after Plaintiff, MARCUS MCINTEE, withdrew any prior consent or permission to be contacted.

377.     In addition to the request not to be contacted by Defendant, Plaintiff, MARCUS MCINTEE's, facsimile transmission directed Defendant to contact Plaintiff, MARCUS MCINTEE's, attorney and included the contact information for the law firm.

378.     Defendant knowingly and/or willfully communicated with Plaintiff, MARCUS MCINTEE, after Defendant had unequivocal notice that Plaintiff, MARCUS MCINTEE, was represented by an attorney and could readily ascertain the Firm's contact information.

379.    Plaintiff, MARCUS MCINTEE's, attorney did not fail to respond within a reasonable period of time to any communication from Defendant and did not consent to Defendant's direct communication with Plaintiff, MARCUS MCINTEE.

### PLAINTIFF 39 –EDDIE MEDINA

380.    Plaintiff, EDDIE MEDINA, is an individual who owned real property in Hillsborough County, Florida.

381.    Plaintiff, EDDIE MEDINA, is a consumer as defined by the FCCPA, Fla. Stat. § 559.55(8).

382.    Defendant, at all material times, was attempting to collect a debt relating to a Wells Fargo Mortgage, Account Number ending in –9407.

383.    Plaintiff, EDDIE MEDINA, revoked any prior express consent to be contacted via cell phone or any other form of communication on December 4, 2015, through a facsimile transmission to Defendant's facsimile number 866-844-0163.

384.    Plaintiff, EDDIE MEDINA, is the regular user and carrier of the cellular telephone number ending in -3786 and was the called party and recipient of calls made by Defendant's automatic telephone dialing system and/or artificial or prerecorded voice.

385.    Defendant knowingly and/or willfully harassed and abused Plaintiff, EDDIE MEDINA, by calling Plaintiff, EDDIE MEDINA's, cellular telephone multiple times per day after he revoked consent to be contacted on December 4, 2015.

386.    Defendant knowingly and/or willfully called Plaintiff, EDDIE MEDINA's, cellular telephone after Defendant had unequivocal notice from Plaintiff, EDDIE MEDINA, to cease any and all calls and after Plaintiff, EDDIE MEDINA, withdrew any prior consent or permission to be contacted.

387.    In addition to the request not to be contacted by Defendant, Plaintiff, EDDIE MEDINA's, facsimile transmission directed Defendant to contact Plaintiff, EDDIE MEDINA's, attorney and included the contact information for the law firm.

388.    Defendant knowingly and/or willfully communicated with Plaintiff, EDDIE MEDINA, after Defendant had unequivocal notice that Plaintiff, EDDIE MEDINA, was represented by an attorney and could readily ascertain the Firm's contact information.

389.    Plaintiff, EDDIE MEDINA's, attorney did not fail to respond within a reasonable period of time to any communication from Defendant and did not consent to Defendant's direct communication with Plaintiff, EDDIE MEDINA.

## PLAINTIFF 40 – DANIEL MILLER

390.    Plaintiff, DANIEL MILLER, is an individual who owned real property in Hillsborough County, Florida.

391.    Defendant, at all material times, was attempting to collect a debt relating to a Wells Fargo Mortgage, Account Number ending in -1998.

392.    Plaintiff, DANIEL MILLER, revoked any prior express consent to be contacted via cell phone or any other form of communication on March 10, 2014, through a facsimile transmission to Defendant's facsimile number 866-844-0163.

393.    Plaintiff, DANIEL MILLER, is the regular user and carrier of the cellular telephone number ending in -0905 and was the called party and recipient of calls made by Defendant's automatic telephone dialing system and/or artificial or prerecorded voice.

394.    Defendant knowingly and/or willfully harassed and abused Plaintiff, DANIEL MILLER, by calling Plaintiff, DANIEL MILLER's, cellular telephone multiple times per day after he revoked consent to be contacted on March 10, 2014.

395.     Defendant knowingly and/or willfully called Plaintiff, DANIEL MILLER's, cellular telephone after Defendant had unequivocal notice from Plaintiff, DANIEL MILLER, to cease any and all calls and after Plaintiff, DANIEL MILLER, withdrew any prior consent or permission to be contacted.

396.     In addition to the request not to be contacted by Defendant, Plaintiff, DANIEL MILLER's, facsimile transmission directed Defendant to contact Plaintiff, DANIEL MILLER's, attorney and included the contact information for the law firm.

397.     Defendant knowingly and/or willfully communicated with Plaintiff, DANIEL MILLER, after Defendant had unequivocal notice that Plaintiff, DANIEL MILLER, was represented by an attorney and could readily ascertain the Firm's contact information.

398.     Plaintiff, DANIEL MILLER's, attorney did not fail to respond within a reasonable period of time to any communication from Defendant and did not consent to Defendant's direct communication with Plaintiff, DANIEL MILLER.

### PLAINTIFF 41 – ROBERT MORGAL

399.     Plaintiff, ROBERT MORGAL, is an individual who owned real property in Pinellas County, Florida.

400.     Defendant, at all material times, was attempting to collect a debt relating to a Wells Fargo Mortgage, Account Number ending in -5469.

401.     Plaintiff, ROBERT MORGAL, revoked any prior express consent to be contacted via cell phone or any other form of communication on September 17, 2012, through a facsimile transmission to Defendant's facsimile numbers 866-969-0103, 866-917-1877, and 866-834-7648.

402.     Plaintiff, ROBERT MORGAL, is the regular user and carrier of the cellular telephone number ending in -8188 and was the called party and recipient of calls made by Defendant's automatic telephone dialing system and/or artificial or prerecorded voice.

403.     Defendant knowingly and/or willfully harassed and abused Plaintiff, ROBERT MORGAL, by calling Plaintiff, ROBERT MORGAL's, cellular telephone multiple times per day after he revoked consent to be contacted on September 17, 2012.

404.     Defendant knowingly and/or willfully called Plaintiff, ROBERT MORGAL's, cellular telephone after Defendant had unequivocal notice from Plaintiff, ROBERT MORGAL, to cease any and all calls and after Plaintiff, ROBERT MORGAL, withdrew any prior consent or permission to be contacted.

405.     In addition to the request not to be contacted by Defendant, Plaintiff, ROBERT MORGAL's, facsimile transmission directed Defendant to contact Plaintiff, ROBERT MORGAL's, attorney and included the contact information for the law firm.

406.     Defendant knowingly and/or willfully communicated with Plaintiff, ROBERT MORGAL, after Defendant had unequivocal notice that Plaintiff, ROBERT MORGAL, was represented by an attorney and could readily ascertain the Firm's contact information.

407.     Plaintiff, ROBERT MORGAL's, attorney did not fail to respond within a reasonable period of time to any communication from Defendant and did not consent to Defendant's direct communication with Plaintiff, ROBERT MORGAL.

### PLAINTIFF 42 – PHILIP MORROW

408.     Plaintiff, PHILIP MORROW, is an individual who owned real property in Pinellas County, Florida.

409.    Defendant, at all material times, was attempting to collect a debt relating to a Wells Fargo Mortgage, Account Number ending in -3687.

410.    Plaintiff, PHILIP MORROW, revoked any prior express consent to be contacted via cell phone or any other form of communication on December 6, 2011, through a facsimile transmission to Defendant's facsimile number 866-969-0103.

411.    Plaintiff, PHILIP MORROW, is the regular user and carrier of the cellular telephone number ending in -3680 and was the called party and recipient of calls made by Defendant's automatic telephone dialing system and/or artificial or prerecorded voice.

412.    Defendant knowingly and/or willfully harassed and abused Plaintiff, PHILIP MORROW, by calling Plaintiff, PHILIP MORROW's, cellular telephone multiple times per day after he revoked consent to be contacted on December 6, 2011.

413.    Defendant knowingly and/or willfully called Plaintiff, PHILIP MORROW's, cellular telephone after Defendant had unequivocal notice from Plaintiff, PHILIP MORROW, to cease any and all calls and after Plaintiff, PHILIP MORROW, withdrew any prior consent or permission to be contacted.

414.    In addition to the request not to be contacted by Defendant, Plaintiff, PHILIP MORROW's, facsimile transmission directed Defendant to contact Plaintiff, PHILIP MORROW's, attorney and included the contact information for the law firm.

415.    Defendant knowingly and/or willfully communicated with Plaintiff, PHILIP MORROW, after Defendant had unequivocal notice that Plaintiff, PHILIP MORROW, was represented by an attorney and could readily ascertain the Firm's contact information.

416.    Plaintiff, PHILIP MORROW's, attorney did not fail to respond within a reasonable period of time to any communication from Defendant and did not consent to Defendant's direct communication with Plaintiff, PHILIP MORROW.

### PLAINTIFF 43 – DAVID MOSBERG

417.    Plaintiff, DAVID MOSBERG, is an individual who owned real property in Pasco County, Florida.

418.    Defendant, at all material times, was attempting to collect a debt relating to a Wells Fargo Mortgage, Account Number ending in -0916.

419.    Plaintiff, DAVID MOSBERG, revoked any prior express consent to be contacted via cell phone or any other form of communication on January 8, 2013, through a facsimile transmission to Defendant's facsimile numbers 866-969-0103, 866-917-1877, and 866-834-7648.

420.    Plaintiff, DAVID MOSBERG, is the regular user and carrier of the cellular telephone number ending in -9756 and was the called party and recipient of calls made by Defendant's automatic telephone dialing system and/or artificial or prerecorded voice.

421.    Defendant knowingly and/or willfully harassed and abused Plaintiff, DAVID MOSBERG, by calling Plaintiff, DAVID MOSBERG's, cellular telephone multiple times per day after he revoked consent to be contacted on January 8, 2013.

422.    Defendant knowingly and/or willfully called Plaintiff, DAVID MOSBERG's, cellular telephone after Defendant had unequivocal notice from Plaintiff, DAVID MOSBERG, to cease any and all calls and after Plaintiff, DAVID MOSBERG, withdrew any prior consent or permission to be contacted.

423.    In addition to the request not to be contacted by Defendant, Plaintiff, DAVID MOSBERG's, facsimile transmission directed Defendant to contact Plaintiff, DAVID MOSBERG's, attorney and included the contact information for the law firm.

424.    Defendant knowingly and/or willfully communicated with Plaintiff, DAVID MOSBERG, after Defendant had unequivocal notice that Plaintiff, DAVID MOSBERG, was represented by an attorney and could readily ascertain the Firm's contact information.

425.    Plaintiff, DAVID MOSBERG's, attorney did not fail to respond within a reasonable period of time to any communication from Defendant and did not consent to Defendant's direct communication with Plaintiff, DAVID MOSBERG.

### PLAINTIFF 44 – HELEN MULLOZZI

426.    Plaintiff, HELEN MULLOZZI, is an individual who owned real property in Pasco County, Florida.

427.    Defendant, at all material times, was attempting to collect a debt relating to a Wells Fargo Mortgage, Account Numbers ending in –2285 and –1998.

428.    Plaintiff, HELEN MULLOZZI, revoked any prior express consent to be contacted via cell phone or any other form of communication on March 6, 2012, through a facsimile transmission to Defendant's facsimile number 866-969-0103.

429.    Plaintiff, HELEN MULLOZZI, is the regular user and carrier of the cellular telephone number ending in -4181 and was the called party and recipient of calls made by Defendant's automatic telephone dialing system and/or artificial or prerecorded voice.

430.    Defendant knowingly and/or willfully harassed and abused Plaintiff, HELEN MULLOZZI, by calling Plaintiff, HELEN MULLOZZI's, cellular telephone multiple times per day after she revoked consent to be contacted on March 6, 2012.

431.    Defendant knowingly and/or willfully called Plaintiff, HELEN MULLOZZI's, cellular telephone after Defendant had unequivocal notice from Plaintiff, HELEN MULLOZZI, to cease any and all calls and after Plaintiff, HELEN MULLOZZI, withdrew any prior consent or permission to be contacted.

432.    In addition to the request not to be contacted by Defendant, Plaintiff, HELEN MULLOZZI's, facsimile transmission directed Defendant to contact Plaintiff, HELEN MULLOZZI's, attorney and included the contact information for the law firm.

433.    Defendant knowingly and/or willfully communicated with Plaintiff, HELEN MULLOZZI, after Defendant had unequivocal notice that Plaintiff, HELEN MULLOZZI, was represented by an attorney and could readily ascertain the Firm's contact information.

434.    Plaintiff, HELEN MULLOZZI's, attorney did not fail to respond within a reasonable period of time to any communication from Defendant and did not consent to Defendant's direct communication with Plaintiff, HELEN MULLOZZI.

## PLAINTIFF 45 – WILLIAM MULLOZZI

435.    Plaintiff, WILLIAM MULLOZZI, is an individual who owned real property in Pasco County, Florida.

436.    Defendant, at all material times, was attempting to collect a debt relating to a Wells Fargo Mortgage, Account Numbers ending in –2285 and –1998.

437.    Plaintiff, WILLIAM MULLOZZI, revoked any prior express consent to be contacted via cell phone or any other form of communication on March 6, 2012, through a facsimile transmission to Defendant's facsimile number 866-969-0103.

438.     Plaintiff, WILLIAM MULLOZZI, is the regular user and carrier of the cellular telephone number ending in -4181 and was the called party and recipient of calls made by Defendant's automatic telephone dialing system and/or artificial or prerecorded voice.

439.     Defendant knowingly and/or willfully harassed and abused Plaintiff, WILLIAM MULLOZZI, by calling Plaintiff, WILLIAM MULLOZZI's, cellular telephone multiple times per day after he revoked consent to be contacted on March 6, 2012.

440.     Defendant knowingly and/or willfully called Plaintiff, WILLIAM MULLOZZI's, cellular telephone after Defendant had unequivocal notice from Plaintiff, WILLIAM MULLOZZI, to cease any and all calls and after Plaintiff, WILLIAM MULLOZZI, withdrew any prior consent or permission to be contacted.

441.     In addition to the request not to be contacted by Defendant, Plaintiff, WILLIAM MULLOZZI's, facsimile transmission directed Defendant to contact Plaintiff, WILLIAM MULLOZZI's, attorney and included the contact information for the law firm.

442.     Defendant knowingly and/or willfully communicated with Plaintiff, WILLIAM MULLOZZI's, cellular telephone after Defendant had unequivocal notice that Plaintiff, WILLIAM MULLOZZI, was represented by an attorney and could readily ascertain the Firm's contact information.

443.     Plaintiff, WILLIAM MULLOZZI's, attorney did not fail to respond within a reasonable period of time to any communication from Defendant and did not consent to Defendant's direct communication with Plaintiff, WILLIAM MULLOZZI.

## PLAINTIFF 46 – ADAM NEHAMA

444.     Plaintiff, ADAM NEHAMA, is an individual who owned real property in Hillsborough County, Florida.

445.    Defendant, at all material times, was attempting to collect a debt relating to a Wells Fargo Mortgage, Account Number ending in –9718.

446.    Plaintiff, ADAM NEHAMA, revoked any prior express consent to be contacted via cell phone or any other form of communication on July 2, 2013, through a facsimile transmission to Defendant's facsimile numbers 866-969-0103, 866-917-1877, and 866-834-7648.

447.    Plaintiff, ADAM NEHAMA, is the regular user and carrier of the cellular telephone number ending in -3610 and was the called party and recipient of Calls made by Defendant's automatic telephone dialing system and/or artificial or prerecorded voice.

448.    Defendant knowingly and/or willfully harassed and abused Plaintiff, ADAM NEHAMA, by calling Plaintiff, ADAM NEHAMA's, cellular telephone multiple times per day after he revoked consent to be contacted on July 2, 2013.

449.    Defendant knowingly and/or willfully called Plaintiff, ADAM NEHAMA's, cellular telephone after Defendant had unequivocal notice from Plaintiff, ADAM NEHAMA, to cease any and all calls and after Plaintiff, ADAM NEHAMA, withdrew any prior consent or permission to be contacted.

450.    In addition to the request not to be contacted by Defendant, Plaintiff, ADAM NEHAMA's, facsimile transmission directed Defendant to contact Plaintiff, ADAM NEHAMA's, attorney and included the contact information for the law firm.

451.    Defendant knowingly and/or willfully communicated with Plaintiff, ADAM NEHAMA, after Defendant had unequivocal notice that Plaintiff, ADAM NEHAMA, was represented by an attorney and could readily ascertain the Firm's contact information.

452.     Plaintiff, ADAM NEHAMA's, attorney did not fail to respond within a reasonable period of time to any communication from Defendant and did not consent to Defendant's direct communication with Plaintiff, ADAM NEHAMA.

### PLAINTIFF 47 – ANGELA NEHAMA

453.     Plaintiff, ANGELA NEHAMA, is an individual who owned real property in Hillsborough County, Florida.

454.     Defendant, at all material times, was attempting to collect a debt relating to a Wells Fargo Mortgage, Account Number ending in –9718.

455.     Plaintiff, ANGELA NEHAMA, revoked any prior express consent to be contacted via cell phone or any other form of communication on July 2, 2013, through a facsimile transmission to Defendant's facsimile numbers 866-969-0103, 866-917-1877, and 866-834-7648.

456.     Plaintiff, ANGELA NEHAMA, is the regular user and carrier of the cellular telephone number ending in -2246 and was the called party and recipient of Calls made by Defendant's automatic telephone dialing system and/or artificial or prerecorded voice.

457.     Defendant knowingly and/or willfully harassed and abused Plaintiff, ANGELA NEHAMA, by calling Plaintiff, ANGELA NEHAMA's, cellular telephone multiple times per day after she revoked consent to be contacted on July 2, 2013.

458.     Defendant knowingly and/or willfully called Plaintiff, ANGELA NEHAMA's, cellular telephone after Defendant had unequivocal notice from Plaintiff, ANGELA NEHAMA, to cease any and all calls and after Plaintiff, ANGELA NEHAMA, withdrew any prior consent or permission to be contacted.

459.   In addition to the request not to be contacted by Defendant, Plaintiff, ANGELA NEHAMA's, facsimile transmission directed Defendant to contact Plaintiff, ANGELA NEHAMA's, attorney and included the contact information for the law firm.

460.   Defendant knowingly and/or willfully communicated with Plaintiff, ANGELA NEHAMA, after Defendant had unequivocal notice that Plaintiff, ANGELA NEHAMA, was represented by an attorney and could readily ascertain the Firm's contact information.

461.   Plaintiff, ANGELA NEHAMA's, attorney did not fail to respond within a reasonable period of time to any communication from Defendant and did not consent to Defendant's direct communication with Plaintiff, ANGELA NEHAMA.

### PLAINTIFF 48 – GIANG NGUYEN

462.   Plaintiff, GIANG NGUYEN, is an individual who owned real property in Hillsborough County, Florida.

463.   Defendant, at all material times, was attempting to collect a debt relating to a Wells Fargo Mortgage, Account Number ending in -1139.

464.   Plaintiff, GIANG NGUYEN, revoked any prior express consent to be contacted via cell phone or any other form of communication on August 29, 2014, through a facsimile transmission to Defendant's facsimile number 866-278-1179.

465.   Plaintiff, GIANG NGUYEN, is the regular user and carrier of the cellular telephone number ending in -2469 and was the called party and recipient of calls made by Defendant's automatic telephone dialing system and/or artificial or prerecorded voice.

466.   Defendant knowingly and/or willfully harassed and abused Plaintiff, GIANG NGUYEN, by calling Plaintiff, GIANG NGUYEN's, cellular telephone multiple times per day after he revoked consent to be contacted on August 29, 2014.

467.    Defendant knowingly and/or willfully called Plaintiff, GIANG NGUYEN's, cellular telephone after Defendant had unequivocal notice from Plaintiff, GIANG NGUYEN, to cease any and all calls and after Plaintiff, GIANG NGUYEN, withdrew any prior consent or permission to be contacted.

468.    In addition to the request not to be contacted by Defendant, Plaintiff, GIANG NGUYEN's, facsimile transmission directed Defendant to contact Plaintiff, GIANG NGUYEN's, attorney and included the contact information for the law firm.

469.    Defendant knowingly and/or willfully communicated with Plaintiff, GIANG NGUYEN, after Defendant had unequivocal notice that Plaintiff, GIANG NGUYEN, was represented by an attorney and could readily ascertain the Firm's contact information.

470.    Plaintiff, GIANG NGUYEN's, attorney did not fail to respond within a reasonable period of time to any communication from Defendant and did not consent to Defendant's direct communication with Plaintiff, GIANG NGUYEN.

## PLAINTIFF 49 – APRIL OLIVAS

471.    Plaintiff, APRIL OLIVAS, is an individual who owned real property in Hernando County, Florida.

472.    Defendant, at all material times, was attempting to collect a debt relating to a Wells Fargo Mortgage, Account Number ending in -1022.

473.    Plaintiff, APRIL OLIVAS, revoked any prior express consent to be contacted via cell phone or any other form of communication on December 30, 2014, through a facsimile transmission to Defendant's facsimile number 866-278-1179.

474.    Plaintiff, APRIL OLIVAS, is the regular user and carrier of the cellular telephone number ending in -6023 and was the called party and recipient of calls made by Defendant's automatic telephone dialing system and/or artificial or prerecorded voice.

475.    Defendant knowingly and/or willfully harassed and abused Plaintiff, APRIL OLIVAS, by calling Plaintiff, APRIL OLIVAS', cellular telephone multiple times per day after she revoked consent to be contacted on December 30, 2014.

476.    Defendant knowingly and/or willfully called Plaintiff, APRIL OLIVAS', cellular telephone after Defendant had unequivocal notice from Plaintiff, APRIL OLIVAS, to cease any and all calls and after Plaintiff, APRIL OLIVAS, withdrew any prior consent or permission to be contacted.

477.    In addition to the request not to be contacted by Defendant, Plaintiff, APRIL OLIVAS', facsimile transmission directed Defendant to contact Plaintiff, APRIL OLIVAS', attorney and included the contact information for the law firm.

478.    Defendant knowingly and/or willfully communicated with Plaintiff, APRIL OLIVAS, after Defendant had unequivocal notice that Plaintiff, APRIL OLIVAS, was represented by an attorney and could readily ascertain the Firm's contact information.

479.    Plaintiff, APRIL OLIVAS', attorney did not fail to respond within a reasonable period of time to any communication from Defendant and did not consent to Defendant's direct communication with Plaintiff, APRIL OLIVAS.

## PLAINTIFF 50 – ANTHONY PALLAZOLA

480.    Plaintiff, ANTHONY PALLAZOLA, is an individual who owned real property in Pinellas County, Florida.

481.    Defendant, at all material times, was attempting to collect a debt relating to a Wells Fargo Mortgage, Account Number ending in –3098.

482.    Plaintiff, ANTHONY PALLAZOLA, revoked any prior express consent to be contacted via cell phone or any other form of communication on July 16, 2012, through a facsimile transmission to Defendant's facsimile numbers 866-969-0103, 866-917-1877, and 866-834-7648.

483.    Plaintiff, ANTHONY PALLAZOLA, is the regular user and carrier of the cellular telephone number ending in -2009 and was the called party and recipient of Calls made by Defendant's automatic telephone dialing system and/or artificial or prerecorded voice.

484.    Defendant knowingly and/or willfully harassed and abused Plaintiff, ANTHONY PALLAZOLA, by calling Plaintiff, ANTHONY PALLAZOLA's, cellular telephone multiple times per day after he revoked consent to be contacted on July 16, 2012.

485.    Defendant knowingly and/or willfully called Plaintiff, ANTHONY PALLAZOLA's, cellular telephone after Defendant had unequivocal notice from Plaintiff, ANTHONY PALLAZOLA, to cease any and all calls and after Plaintiff, ANTHONY PALLAZOLA, withdrew any prior consent or permission to be contacted.

486.    In addition to the request not to be contacted by Defendant, Plaintiff, ANTHONY PALLAZOLA's, facsimile transmission directed Defendant to contact Plaintiff, ANTHONY PALLAZOLA's, attorney and included the contact information for the law firm.

487.    Defendant knowingly and/or willfully communicated with Plaintiff, ANTHONY PALLAZOLA, after Defendant had unequivocal notice that Plaintiff, ANTHONY PALLAZOLA, was represented by an attorney and could readily ascertain the Firm's contact information.

488.    Plaintiff, ANTHONY PALLAZOLA's, attorney did not fail to respond within a reasonable period of time to any communication from Defendant and did not consent to Defendant's direct communication with Plaintiff, ANTHONY PALLAZOLA.

## PLAINTIFF 51 –PATRICIA PALLAZOLA

489.    Plaintiff, PATRICIA PALLAZOLA, is an individual who owned real property in Pinellas County, Florida.

490.    Defendant, at all material times, was attempting to collect a debt relating to a Wells Fargo Mortgage, Account Number ending in −3098.

491.    Plaintiff, PATRICIA PALLAZOLA, revoked any prior express consent to be contacted via cell phone or any other form of communication on July 16, 2012, through a facsimile transmission to Defendant's facsimile numbers 866-969-0103, 866-917-1877, and 866-834-7648.

492.    Plaintiff, PATRICIA PALLAZOLA, is the regular user and carrier of the cellular telephone number ending in -4745 and was the called party and recipient of calls made by Defendant's automatic telephone dialing system and/or artificial or prerecorded voice.

493.    Defendant knowingly and/or willfully harassed and abused Plaintiff, PATRICIA PALLAZOLA, by calling Plaintiff, PATRICIA PALLAZOLA's, cellular telephone multiple times per day after she revoked consent to be contacted on July 16, 2012.

494.    Defendant knowingly and/or willfully called Plaintiff, PATRICIA PALLAZOLA's, cellular telephone after Defendant had unequivocal notice from Plaintiff, PATRICIA PALLAZOLA, to cease any and all calls and after Plaintiff, PATRICIA PALLAZOLA, withdrew any prior consent or permission to be contacted.

495.    In addition to the request not to be contacted by Defendant, Plaintiff, PATRICIA PALLAZOLA's, facsimile transmission directed Defendant to contact Plaintiff, PATRICIA PALLAZOLA's, attorney and included the contact information for the law firm.

496.    Defendant knowingly and/or willfully communicated with Plaintiff, PATRICIA PALLAZOLA, after Defendant had unequivocal notice that Plaintiff, PATRICIA PALLAZOLA, was represented by an attorney and could readily ascertain the Firm's contact information.

497.    Plaintiff, PATRICIA PALLAZOLA's, attorney did not fail to respond within a reasonable period of time to any communication from Defendant and did not consent to Defendant's direct communication with Plaintiff, PATRICIA PALLAZOLA.

## PLAINTIFF 52 – JACKIE PATE

498.    Plaintiff, JACKIE PATE, is an individual who resides in Pinellas County, Florida.

499.    Plaintiff, JACKIE PATE, is a consumer as defined by the FCCPA, Fla. Stat. § 559.55(8).

500.    Defendant, at all material times, was attempting to collect a debt relating to a Wells Fargo Credit Card, Account Number ending in -7711.

501.    Plaintiff, JACKIE PATE, revoked any prior express consent to be contacted via cell phone or any other form of communication on October 5, 2016, through a facsimile transmission to Defendant's facsimile number 866-278-1179.

502.    Plaintiff, JACKIE PATE, is the regular user and carrier of the cellular telephone number ending in -8759 and was the called party and recipient of calls made by Defendant's automatic telephone dialing system and/or artificial or prerecorded voice.

503.     Defendant knowingly and/or willfully harassed and abused Plaintiff, JACKIE PATE, by calling Plaintiff, JACKIE PATE's, cellular telephone multiple times per day after she revoked consent to be contacted on October 5, 2016.

504.     Defendant knowingly and/or willfully called Plaintiff, JACKIE PATE's, cellular telephone after Defendant had unequivocal notice from Plaintiff, JACKIE PATE, to cease any and all calls and after Plaintiff, JACKIE PATE, withdrew any prior consent or permission to be contacted.

505.     In addition to the request not to be contacted by Defendant, Plaintiff, JACKIE PATE's, facsimile transmission directed Defendant to contact Plaintiff, JACKIE PATE's, attorney and included the contact information for the law firm.

506.     Defendant knowingly and/or willfully communicated with Plaintiff, JACKIE PATE, after Defendant had unequivocal notice that Plaintiff, JACKIE PATE, was represented by an attorney and could readily ascertain the Firm's contact information.

507.     Plaintiff, JACKIE PATE's, attorney did not fail to respond within a reasonable period of time to any communication from Defendant and did not consent to Defendant's direct communication with Plaintiff, JACKIE PATE.

### PLAINTIFF 53 – CHERYL PATTISHALL

508.     Plaintiff, CHERYL PATTISHALL, is an individual who owned real property in Pinellas County, Florida.

509.     Defendant, at all material times, was attempting to collect a debt relating to a Wells Fargo Mortgage, Account Number ending in -0001.

510.     Plaintiff, CHERYL PATTISHALL, revoked any prior express consent to be contacted via cell phone or any other form of communication on February 27, 2013, through a

facsimile transmission to Defendant's facsimile numbers 866-969-0103, 866-917-1877, and 866-834-7648.

511. Plaintiff, CHERYL PATTISHALL, is the regular user and carrier of the cellular telephone number ending in -0282 and was the called party and recipient of calls made by Defendant's automatic telephone dialing system and/or artificial or prerecorded voice.

512. Defendant knowingly and/or willfully harassed and abused Plaintiff, CHERYL PATTISHALL, by calling Plaintiff, CHERYL PATTISHALL's, cellular telephone multiple times per day after she revoked consent to be contacted on February 27, 2013.

513. Defendant knowingly and/or willfully called Plaintiff, CHERYL PATTISHALL's, cellular telephone after Defendant had unequivocal notice from Plaintiff, CHERYL PATTISHALL, to cease any and all calls and after Plaintiff, CHERYL PATTISHALL, withdrew any prior consent or permission to be contacted.

514. In addition to the request not to be contacted by Defendant, Plaintiff, CHERYL PATTISHALL's, facsimile transmission directed Defendant to contact Plaintiff, CHERYL PATTISHALL's, attorney and included the contact information for the law firm.

515. Defendant knowingly and/or willfully communicated with Plaintiff, CHERYL PATTISHALL, after Defendant had unequivocal notice that Plaintiff, CHERYL PATTISHALL, was represented by an attorney and could readily ascertain the Firm's contact information.

516. Plaintiff, CHERYL PATTISHALL's, attorney did not fail to respond within a reasonable period of time to any communication from Defendant and did not consent to Defendant's direct communication with Plaintiff, CHERYL PATTISHALL.

## PLAINTIFF 54 –KRISTIE PECKA

517.    Plaintiff, KRISTIE PECKA, is an individual who owned real property in Pinellas County, Florida.

518.    Defendant, at all material times, was attempting to collect a debt relating to a Wells Fargo Mortgage, Account Number ending in –5441.

519.    Plaintiff, KRISTIE PECKA, revoked any prior express consent to be contacted via cell phone or any other form of communication on May 15, 2012, through a facsimile transmission to Defendant's facsimile numbers 866-969-0103, 866-917-1877, and 866-729-9592.

520.    Plaintiff, KRISTIE PECKA, is the regular user and carrier of the cellular telephone number ending in -7842 and was the called party and recipient of calls made by Defendant's automatic telephone dialing system and/or artificial or prerecorded voice.

521.    Defendant knowingly and/or willfully harassed and abused Plaintiff, KRISTIE PECKA, by calling Plaintiff, KRISTIE PECKA's, cellular telephone multiple times per day after she revoked consent to be contacted on May 15, 2012.

522.    Defendant knowingly and/or willfully called Plaintiff, KRISTIE PECKA's, cellular telephone after Defendant had unequivocal notice from Plaintiff, KRISTIE PECKA, to cease any and all calls and after Plaintiff, KRISTIE PECKA, withdrew any prior consent or permission to be contacted.

523.    In addition to the request not to be contacted by Defendant, Plaintiff, KRISTIE PECKA's, facsimile transmission directed Defendant to contact Plaintiff, KRISTIE PECKA's, attorney and included the contact information for the law firm.

524.     Defendant knowingly and/or willfully communicated with Plaintiff, KRISTIE PECKA, after Defendant had unequivocal notice that Plaintiff, KRISTIE PECKA, was represented by an attorney and could readily ascertain the Firm's contact information.

525.     Plaintiff, KRISTIE PECKA's, attorney did not fail to respond within a reasonable period of time to any communication from Defendant and did not consent to Defendant's direct communication with Plaintiff, KRISTIE PECKA.

### PLAINTIFF 55 – NEIL PECKA

526.     Plaintiff, NEIL PECKA, is an individual who owned real property in Pinellas County, Florida.

527.     Defendant, at all material times, was attempting to collect a debt relating to a Wells Fargo Mortgage, Account Number ending in –5441.

528.     Plaintiff, NEIL PECKA, revoked any prior express consent to be contacted via cell phone or any other form of communication on May 15, 2012, through a facsimile transmission to Defendant's facsimile numbers 866-969-0103, 866-917-1877, and 866-729-9592.

529.     Plaintiff, NEIL PECKA, is the regular user and carrier of the cellular telephone number ending in -7842 and was the called party and recipient of calls made by Defendant's automatic telephone dialing system and/or artificial or prerecorded voice.

530.     Defendant knowingly and/or willfully harassed and abused Plaintiff, NEIL PECKA, by calling Plaintiff, NEIL PECKA's, cellular telephone multiple times per day after he revoked consent to be contacted on May 15, 2012.

531.     Defendant knowingly and/or willfully called Plaintiff, NEIL PECKA's, cellular telephone after Defendant had unequivocal notice from Plaintiff, NEIL PECKA, to cease any and

all calls and after Plaintiff, NEIL PECKA, withdrew any prior consent or permission to be contacted.

532.    In addition to the request not to be contacted by Defendant, Plaintiff, NEIL PECKA's, facsimile transmission directed Defendant to contact Plaintiff, NEIL PECKA's, attorney and included the contact information for the law firm.

533.    Defendant knowingly and/or willfully communicated with Plaintiff, NEIL PECKA, after Defendant had unequivocal notice that Plaintiff, NEIL PECKA, was represented by an attorney and could readily ascertain the Firm's contact information.

534.    Plaintiff, NEIL PECKA's, attorney did not fail to respond within a reasonable period of time to any communication from Defendant and did not consent to Defendant's direct communication with Plaintiff, NEIL PECKA.

## PLAINTIFF 56 – AMY PELLETIER

535.    Plaintiff, AMY PELLETIER, is an individual who resides in Pinellas County, Florida.

536.    Plaintiff, AMY PELLETIER, is a consumer as defined by the FCCPA, Fla. Stat. § 559.55(8).

537.    Defendant, at all material times, was attempting to collect a debt relating to a Wells Fargo Credit Card, Account Number ending in -2095.

538.    Plaintiff, AMY PELLETIER, revoked any prior express consent to be contacted via cell phone or any other form of communication on October 13, 2015, through a facsimile transmission to Defendant's facsimile number 515-222-8880.

539.    Plaintiff, AMY PELLETIER, is the regular user and carrier of the cellular telephone number ending in -2316 and was the called party and recipient of calls made by Defendant's automatic telephone dialing system and/or artificial or prerecorded voice.

540.    Defendant knowingly and/or willfully harassed and abused Plaintiff, AMY PELLETIER, by calling Plaintiff, AMY PELLETIER's, cellular telephone multiple times per day after she revoked consent to be contacted on October 13, 2015.

541.    Defendant knowingly and/or willfully called Plaintiff, AMY PELLETIER's, cellular telephone after Defendant had unequivocal notice from Plaintiff, AMY PELLETIER, to cease any and all calls and after Plaintiff, AMY PELLETIER, withdrew any prior consent or permission to be contacted.

542.    In addition to the request not to be contacted by Defendant, Plaintiff, AMY PELLETIER's, facsimile transmission directed Defendant to contact Plaintiff, AMY PELLETIER's, attorney and included the contact information for the law firm.

543.    Defendant knowingly and/or willfully communicated with Plaintiff, AMY PELLETIER, after Defendant had unequivocal notice that Plaintiff, AMY PELLETIER, was represented by an attorney and could readily ascertain the Firm's contact information.

544.    Plaintiff, AMY PELLETIER's, attorney did not fail to respond within a reasonable period of time to any communication from Defendant and did not consent to Defendant's direct communication with Plaintiff, AMY PELLETIER.

## PLAINTIFF 57 – PERRY PLATISHA

545.    Plaintiff, PERRY PLATISHA, is an individual who owned real property in Hillsborough County, Florida.

546. Defendant, at all material times, was attempting to collect a debt relating to a Wells Fargo Mortgage, Account Number ending in -1978.

547. Plaintiff, PERRY PLATISHA, revoked any prior express consent to be contacted via cell phone or any other form of communication on February 3, 2012, through a facsimile transmission to Defendant's facsimile numbers 866-969-0103, 866-917-1877, and 866-729-9592.

548. Plaintiff, PERRY PLATISHA, is the regular user and carrier of the cellular telephone number ending in -2515 and was the called party and recipient of calls made by Defendant's automatic telephone dialing system and/or artificial or prerecorded voice.

549. Defendant knowingly and/or willfully harassed and abused Plaintiff, PERRY PLATISHA, by calling Plaintiff, PERRY PLATISHA's, cellular telephone multiple times per day after he revoked consent to be contacted on February 3, 2012.

550. Defendant knowingly and/or willfully called Plaintiff, PERRY PLATISHA's, cellular telephone after Defendant had unequivocal notice from Plaintiff, PERRY PLATISHA, to cease any and all calls and after Plaintiff, PERRY PLATISHA, withdrew any prior consent or permission to be contacted.

551. In addition to the request not to be contacted by Defendant, Plaintiff, PERRY PLATISHA's, facsimile transmission directed Defendant to contact Plaintiff, PERRY PLATISHA's, attorney and included the contact information for the law firm.

552. Defendant knowingly and/or willfully communicated with Plaintiff, PERRY PLATISHA, after Defendant had unequivocal notice that Plaintiff, PERRY PLATISHA, was represented by an attorney and could readily ascertain the Firm's contact information.

553.    Plaintiff, PERRY PLATISHA's, attorney did not fail to respond within a reasonable period of time to any communication from Defendant and did not consent to Defendant's direct communication with Plaintiff, PERRY PLATISHA.

**PLAINTIFF 58 – DANIEL RADOVANOVIC**

554.    Plaintiff, DANIEL RADOVANOVIC, is an individual who owned real property in Hillsborough County, Florida.

555.    Defendant, at all material times, was attempting to collect a debt relating to a Wells Fargo Mortgage, Account Number ending in -4012.

556.    Plaintiff, DANIEL RADOVANOVIC, revoked any prior express consent to be contacted via cell phone or any other form of communication on June 12, 2012, through a facsimile transmission to Defendant's facsimile numbers 866-969-0103, 866-917-1877, and 866-834-7648.

557.    Plaintiff, DANIEL RADOVANOVIC, is the regular user and carrier of the cellular telephone number ending in -2807 and was the called party and recipient of calls made by Defendant's automatic telephone dialing system and/or artificial or prerecorded voice.

558.    Defendant knowingly and/or willfully harassed and abused Plaintiff, DANIEL RADOVANOVIC, by calling Plaintiff, DANIEL RADOVANOVIC's, cellular telephone multiple times per day after he revoked consent to be contacted on June 12, 2012.

559.    Defendant knowingly and/or willfully called Plaintiff, DANIEL RADOVANOVIC's, cellular telephone after Defendant had unequivocal notice from Plaintiff, DANIEL RADOVANOVIC, to cease any and all calls and after Plaintiff, DANIEL RADOVANOVIC, withdrew any prior consent or permission to be contacted.

560.     In addition to the request not to be contacted by Defendant, Plaintiff, DANIEL RADOVANOVIC's, facsimile transmission directed Defendant to contact Plaintiff, DANIEL RADOVANOVIC's, attorney and included the contact information for the law firm.

561.     Defendant knowingly and/or willfully communicated with Plaintiff, DANIEL RADOVANOVIC, after Defendant had unequivocal notice that Plaintiff, DANIEL RADOVANOVIC, was represented by an attorney and could readily ascertain the Firm's contact information.

562.     Plaintiff, DANIEL RADOVANOVIC's, attorney did not fail to respond within a reasonable period of time to any communication from Defendant and did not consent to Defendant's direct communication with Plaintiff, DANIEL RADOVANOVIC.

### PLAINTIFF 59 – JASON RINGDAHL

563.     Plaintiff, JASON RINGDAHL, is an individual who owned real property in Hillsborough County, Florida.

564.     Defendant, at all material times, was attempting to collect a debt relating to a Wells Fargo Mortgage, Account Number ending in -6783.

565.     Plaintiff, JASON RINGDAHL, revoked any prior express consent to be contacted via cell phone or any other form of communication on November 18, 2014, through a facsimile transmission to Defendant's facsimile number 866-278-1179.

566.     Plaintiff, JASON RINGDAHL, is the regular user and carrier of the cellular telephone number ending in -2106 and was the called party and recipient of calls made by Defendant's automatic telephone dialing system and/or artificial or prerecorded voice.

567.    Defendant knowingly and/or willfully harassed and abused Plaintiff, JASON RINGDAHL, by calling Plaintiff, JASON RINGDAHL's, cellular telephone multiple times per day after he revoked consent to be contacted on November 18, 2014.

568.    Defendant knowingly and/or willfully called Plaintiff, JASON RINGDAHL's, cellular telephone after Defendant had unequivocal notice from Plaintiff, JASON RINGDAHL, to cease any and all calls and after Plaintiff, JASON RINGDAHL, withdrew any prior consent or permission to be contacted.

569.    In addition to the request not to be contacted by Defendant, Plaintiff, JASON RINGDAHL's, facsimile transmission directed Defendant to contact Plaintiff, JASON RINGDAHL's, attorney and included the contact information for the law firm.

570.    Defendant knowingly and/or willfully communicated with Plaintiff, JASON RINGDAHL, after Defendant had unequivocal notice that Plaintiff, JASON RINGDAHL, was represented by an attorney and could readily ascertain the Firm's contact information.

571.    Plaintiff, JASON RINGDAHL's, attorney did not fail to respond within a reasonable period of time to any communication from Defendant and did not consent to Defendant's direct communication with Plaintiff, JASON RINGDAHL.

## PLAINTIFF 60 – DAVID RODRIGUEZ

572.    Plaintiff, DAVID RODRIGUEZ, is an individual who owned real property in Indian River County, Florida.

573.    Plaintiff, DAVID RODRIGUEZ, is a consumer as defined by the FCCPA, Fla. Stat. § 559.55(8).

574.    Defendant, at all material times, was attempting to collect a debt relating to a Wells Fargo Mortgage, Account Number ending in –4319.

575. Plaintiff, DAVID RODRIGUEZ, revoked any prior express consent to be contacted via cell phone or any other form of communication on June 10, 2016, through a facsimile transmission to Defendant's facsimile numbers 866-844-0163.

576. Plaintiff, DAVID RODRIGUEZ, is the regular user and carrier of the cellular telephone number ending in -3733 and was the called party and recipient of calls made by Defendant's automatic telephone dialing system and/or artificial or prerecorded voice.

577. Defendant knowingly and/or willfully harassed and abused Plaintiff, DAVID RODRIGUEZ, by calling Plaintiff, DAVID RODRIGUEZ's, cellular telephone multiple times per day after he revoked consent to be contacted on June 10, 2016.

578. Defendant knowingly and/or willfully called Plaintiff, DAVID RODRIGUEZ's, cellular telephone after Defendant had unequivocal notice from Plaintiff, DAVID RODRIGUEZ, to cease any and all calls and after Plaintiff, DAVID RODRIGUEZ, withdrew any prior consent or permission to be contacted.

579. In addition to the request not to be contacted by Defendant, Plaintiff, DAVID RODRIGUEZ's, facsimile transmission directed Defendant to contact Plaintiff, DAVID RODRIGUEZ's, attorney and included the contact information for the law firm.

580. Defendant knowingly and/or willfully communicated with Plaintiff, DAVID RODRIGUEZ, after Defendant had unequivocal notice that Plaintiff, DAVID RODRIGUEZ, was represented by an attorney and could readily ascertain the Firm's contact information.

581. Plaintiff, DAVID RODRIGUEZ's, attorney did not fail to respond within a reasonable period of time to any communication from Defendant and did not consent to Defendant's direct communication with Plaintiff, DAVID RODRIGUEZ.

## PLAINTIFF 61 – PAMELA SALVATO

582. Plaintiff, PAMELA SALVATO, is an individual who resides in Pasco County, Florida.

583. Plaintiff, PAMELA SALVATO, is a consumer as defined by the FCCPA, Fla. Stat. § 559.55(8).

584. Defendant, at all material times, was attempting to collect a debt relating to a Wells Fargo Credit Card, Account Number ending in -5686.

585. Plaintiff, PAMELA SALVATO, revoked any prior express consent to be contacted via cell phone or any other form of communication on August 1, 2016, through a facsimile transmission to Defendant's facsimile number 503-614-5741.

586. Plaintiff, PAMELA SALVATO, is the regular user and carrier of the cellular telephone number ending in -7696 and was the called party and recipient of calls made by Defendant's automatic telephone dialing system and/or artificial or prerecorded voice.

587. Defendant knowingly and/or willfully harassed and abused Plaintiff, PAMELA SALVATO, by calling Plaintiff, PAMELA SALVATO's, cellular telephone multiple times per day after she revoked consent to be contacted on August 1, 2016.

588. Defendant knowingly and/or willfully called Plaintiff, PAMELA SALVATO's, cellular telephone after Defendant had unequivocal notice from Plaintiff, PAMELA SALVATO, to cease any and all calls and after Plaintiff, PAMELA SALVATO, withdrew any prior consent or permission to be contacted.

589. In addition to the request not to be contacted by Defendant, Plaintiff, PAMELA SALVATO's, facsimile transmission directed Defendant to contact Plaintiff, PAMELA SALVATO's, attorney and included the contact information for the law firm.

590.     Defendant knowingly and/or willfully communicated with Plaintiff, PAMELA SALVATO, after Defendant had unequivocal notice that Plaintiff, PAMELA SALVATO, was represented by an attorney and could readily ascertain the Firm's contact information.

591.     Plaintiff, PAMELA SALVATO's, attorney did not fail to respond within a reasonable period of time to any communication from Defendant and did not consent to Defendant's direct communication with Plaintiff, PAMELA SALVATO.

### PLAINTIFF 62 – DEBORAH SAOUT

592.     Plaintiff, DEBORAH SAOUT, is an individual who resides in Pinellas County, Florida.

593.     Defendant, at all material times, was attempting to collect a debt relating to a Wells Fargo credit card, Account Number ending in -6248.

594.     Plaintiff, DEBORAH SAOUT, revoked any prior express consent to be contacted via cell phone or any other form of communication on November 7, 2014, through a facsimile transmission to Defendant's facsimile number 515-222-8880.

595.     Plaintiff, DEBORAH SAOUT, is the regular user and carrier of the cellular telephone number ending in -9273 and was the called party and recipient of calls made by Defendant's automatic telephone dialing system and/or artificial or prerecorded voice.

596.     Defendant knowingly and/or willfully harassed and abused Plaintiff, DEBORAH SAOUT, by calling Plaintiff, DEBORAH SAOUT's, cellular telephone multiple times per day after she revoked consent to be contacted on November 7, 2014.

597.     Defendant knowingly and/or willfully called Plaintiff, DEBORAH SAOUT's, cellular telephone after Defendant had unequivocal notice from Plaintiff, DEBORAH SAOUT, to

cease any and all calls and after Plaintiff, DEBORAH SAOUT, withdrew any prior consent or permission to be contacted.

598.    In addition to the request not to be contacted by Defendant, Plaintiff, DEBORAH SAOUT's, facsimile transmission directed Defendant to contact Plaintiff, DEBORAH SAOUT's, attorney and included the contact information for the law firm.

599.    Defendant knowingly and/or willfully communicated with Plaintiff, DEBORAH SAOUT, after Defendant had unequivocal notice that Plaintiff, DEBORAH SAOUT, was represented by an attorney and could readily ascertain the Firm's contact information.

600.    Plaintiff, DEBORAH SAOUT's, attorney did not fail to respond within a reasonable period of time to any communication from Defendant and did not consent to Defendant's direct communication with Plaintiff, DEBORAH SAOUT.

## PLAINTIFF 63 – DEBORAH SAVOCA

601.    Plaintiff, DEBORAH SAVOCA, is an individual who owned real property in Pinellas County, Florida.

602.    Defendant, at all material times, was attempting to collect a debt relating to a Wells Fargo Mortgage, Account Numbers ending in -1998 and –8283.

603.    Plaintiff, DEBORAH SAVOCA, revoked any prior express consent to be contacted via cell phone or any other form of communication on January 2, 2014, through a facsimile transmission to Defendant's facsimile number 866-278-1179.

604.    Plaintiff, DEBORAH SAVOCA, revoked any prior express consent to be contacted via cell phone or any other form of communication for a second time on February 7, 2014, through a facsimile transmission to Defendant's facsimile number 866-278-1179.

605.    Plaintiff, DEBORAH SAVOCA, is the regular user and carrier of the cellular telephone number ending in -3195 and was the called party and recipient of calls made by Defendant's automatic telephone dialing system and/or artificial or prerecorded voice.

606.    Defendant knowingly and/or willfully harassed and abused Plaintiff, DEBORAH SAVOCA, by calling Plaintiff, DEBORAH SAVOCA's, cellular telephone multiple times per day after she revoked consent to be contacted on January 2, 2014 and again on February 7, 2014.

607.    Defendant knowingly and/or willfully called Plaintiff, DEBORAH SAVOCA's, cellular telephone after Defendant had unequivocal notice from Plaintiff, DEBORAH SAVOCA, to cease any and all calls and after Plaintiff, DEBORAH SAVOCA, withdrew any prior consent or permission to be contacted.

608.    In addition to the request not to be contacted by Defendant, Plaintiff, DEBORAH SAVOCA's, facsimile transmission directed Defendant to contact Plaintiff, DEBORAH SAVOCA's, attorney and included the contact information for the law firm.

609.    Defendant knowingly and/or willfully communicated with Plaintiff, DEBORAH SAVOCA, after Defendant had unequivocal notice that Plaintiff, DEBORAH SAVOCA, was represented by an attorney and could readily ascertain the Firm's contact information.

610.    Plaintiff, DEBORAH SAVOCA's, attorney did not fail to respond within a reasonable period of time to any communication from Defendant and did not consent to Defendant's direct communication with Plaintiff, DEBORAH SAVOCA.

## PLAINTIFF 64 – GHASSAN SHAHIN

611.    Plaintiff, GHASSAN SHAHIN, is an individual who resides in Pinellas County, Florida.

612.    Plaintiff, GHASSAN SHAHIN, is a consumer as defined by the FCCPA, Fla. Stat. § 559.55(8).

613.    Defendant, at all material times, was attempting to collect a debt relating to a Wells Fargo Credit Card, Account Numbers ending in –7807 and –9493 .

614.    Plaintiff, GHASSAN SHAHIN, revoked any prior express consent to be contacted via cell phone or any other form of communication on June 26, 2014, through a facsimile transmission to Defendant's facsimile number 888-257-7799.

615.    Plaintiff, GHASSAN SHAHIN, revoked any prior express consent to be contacted via cell phone or any other form of communication for a second time on July 11, 2014, through a facsimile transmission to Defendant's facsimile number 888-257-7799.

616.    Plaintiff, GHASSAN SHAHIN, is the regular user and carrier of the cellular telephone number ending in -0524 and was the called party and recipient of Calls made by Defendant's automatic telephone dialing system and/or artificial or prerecorded voice.

617.    Defendant knowingly and/or willfully harassed and abused Plaintiff, GHASSAN SHAHIN, by calling Plaintiff, GHASSAN SHAHIN's, cellular telephone multiple times per day after he revoked consent to be contacted on June 26, 2014 and again on July 11, 2014.

618.    Defendant knowingly and/or willfully called Plaintiff, GHASSAN SHAHIN's, cellular telephone after Defendant had unequivocal notice from Plaintiff, GHASSAN SHAHIN, to cease any and all calls and after Plaintiff, GHASSAN SHAHIN, withdrew any prior consent or permission to be contacted.

619.    In addition to the request not to be contacted by Defendant, Plaintiff, GHASSAN SHAHIN's, facsimile transmission directed Defendant to contact Plaintiff, GHASSAN SHAHIN's, attorney and included the contact information for the law firm.

620.    Defendant knowingly and/or willfully communicated with Plaintiff, GHASSAN SHAHIN, after Defendant had unequivocal notice that Plaintiff, GHASSAN SHAHIN, was represented by an attorney and could readily ascertain the Firm's contact information.

621.    Plaintiff, GHASSAN SHAHIN's, attorney did not fail to respond within a reasonable period of time to any communication from Defendant and did not consent to Defendant's direct communication with Plaintiff, GHASSAN SHAHIN.

## PLAINTIFF 65 – JAROSLAVA SHAHIN

622.    Plaintiff, JAROSLAVA SHAHIN, is an individual who resides in Pinellas County, Florida.

623.    Plaintiff, JAROSLAVA SHAHIN, is a consumer as defined by the FCCPA, Fla. Stat. § 559.55(8).

624.    Defendant, at all material times, was attempting to collect a debt relating to a Wells Fargo Credit Card, Account Number ending in –7807.

625.    Plaintiff, JAROSLAVA SHAHIN, revoked any prior express consent to be contacted via cell phone or any other form of communication on June 26, 2014, through a facsimile transmission to Defendant's facsimile number 888-257-7799.

626.    Plaintiff, JAROSLAVA SHAHIN, revoked any prior express consent to be contacted via cell phone or any other form of communication for a second time on July 11, 2014, through a facsimile transmission to Defendant's facsimile number 888-257-7799.

627.    Plaintiff, JAROSLAVA SHAHIN, is the regular user and carrier of the cellular telephone number ending in -5605 and was the called party and recipient of calls made by Defendant's automatic telephone dialing system and/or artificial or prerecorded voice.

628.     Defendant knowingly and/or willfully harassed and abused Plaintiff, JAROSLAVA SHAHIN, by calling Plaintiff, JAROSLAVA SHAHIN's, cellular telephone multiple times per day after she revoked consent to be contacted on June 26, 2014 and again on July 11, 2014.

629.     Defendant knowingly and/or willfully called Plaintiff, JAROSLAVA SHAHIN's cellular telephone after Defendant had unequivocal notice from Plaintiff, JAROSLAVA SHAHIN, to cease any and all calls and after Plaintiff, JAROSLAVA SHAHIN, withdrew any prior consent or permission to be contacted.

630.     In addition to the request not to be contacted by Defendant, Plaintiff, JAROSLAVA SHAHIN's, facsimile transmission directed Defendant to contact Plaintiff, JAROSLAVA SHAHIN's, attorney and included the contact information for the law firm.

631.     Defendant knowingly and/or willfully communicated with Plaintiff, JAROSLAVA SHAHIN, after Defendant had unequivocal notice that Plaintiff, JAROSLAVA SHAHIN, was represented by an attorney and could readily ascertain the Firm's contact information.

632.     Plaintiff, JAROSLAVA SHAHIN's, attorney did not fail to respond within a reasonable period of time to any communication from Defendant and did not consent to Defendant's direct communication with Plaintiff, JAROSLAVA SHAHIN.

## PLAINTIFF 66 – MICHAEL SHEBETKA

633.     Plaintiff, MICHAEL SHEBETKA, is an individual who owned real property in Hillsborough County, Florida.

634.     Plaintiff, MICHAEL SHEBETKA, is a consumer as defined by the FCCPA, Fla. Stat. § 559.55(8).

635.     Defendant, at all material times, was attempting to collect a debt relating to a Wells Fargo Home Mortgage, Account Number ending in -1986.

636.    Plaintiff, MICHAEL SHEBETKA, revoked any prior express consent to be contacted via cell phone or any other form of communication on May 4, 2016, through a facsimile transmission to Defendant's facsimile number 866-844-0163.

637.    Plaintiff, MICHAEL SHEBETKA, is the regular user and carrier of the cellular telephone number ending in -9914 and was the called party and recipient of calls made by Defendant's automatic telephone dialing system and/or artificial or prerecorded voice.

638.    Defendant knowingly and/or willfully harassed and abused Plaintiff, MICHAEL SHEBETKA, by calling Plaintiff, MICHAEL SHEBETKA's, cellular telephone multiple times per day after he revoked consent to be contacted on May 4, 2016.

639.    Defendant knowingly and/or willfully called Plaintiff, MICHAEL SHEBETKA's, cellular telephone after Defendant had unequivocal notice from Plaintiff, MICHAEL SHEBETKA, to cease any and all calls and after Plaintiff, MICHAEL SHEBETKA, withdrew any prior consent or permission to be contacted.

640.    In addition to the request not to be contacted by Defendant, Plaintiff, MICHAEL SHEBETKA's, facsimile transmission directed Defendant to contact Plaintiff, MICHAEL SHEBETKA's, attorney and included the contact information for the law firm.

641.    Defendant knowingly and/or willfully communicated with Plaintiff, MICHAEL SHEBETKA, after Defendant had unequivocal notice that Plaintiff, MICHAEL SHEBETKA, was represented by an attorney and could readily ascertain the Firm's contact information.

642.    Plaintiff, MICHAEL SHEBETKA's, attorney did not fail to respond within a reasonable period of time to any communication from Defendant and did not consent to Defendant's direct communication with Plaintiff, MICHAEL SHEBETKA.

## PLAINTIFF 67 – DANIEL SOBSTYL

643.     Plaintiff, DANIEL SOBSTYL, is an individual who owned real property in Pinellas County, Florida.

644.     Defendant, at all material times, was attempting to collect a debt relating to a Wells Fargo Mortgage, Account Number ending in -8158.

645.     Plaintiff, DANIEL SOBSTYL, revoked any prior express consent to be contacted via cell phone or any other form of communication on March 10, 2014, through a facsimile transmission to Defendant's facsimile number 866-844-0163.

646.     Plaintiff, DANIEL SOBSTYL, is the regular user and carrier of the cellular telephone number ending in -5040 and was the called party and recipient of calls made by Defendant's automatic telephone dialing system and/or artificial or prerecorded voice.

647.     Defendant knowingly and/or willfully harassed and abused Plaintiff, DANIEL SOBSTYL, by calling Plaintiff, DANIEL SOBSTYL's, cellular telephone multiple times per day after he revoked consent to be contacted on March 10, 2014.

648.     Defendant knowingly and/or willfully called Plaintiff, DANIEL SOBSTYL's, cellular telephone after Defendant had unequivocal notice from Plaintiff, DANIEL SOBSTYL, to cease any and all calls and after Plaintiff, DANIEL SOBSTYL, withdrew any prior consent or permission to be contacted.

649.     In addition to the request not to be contacted by Defendant, Plaintiff, DANIEL SOBSTYL's, facsimile transmission directed Defendant to contact Plaintiff, DANIEL SOBSTYL's, attorney and included the contact information for the law firm.

650.     Defendant knowingly and/or willfully communicated with Plaintiff, DANIEL SOBSTYL, after Defendant had unequivocal notice that Plaintiff, DANIEL SOBSTYL, was represented by an attorney and could readily ascertain the Firm's contact information.

651.     Plaintiff, DANIEL SOBSTYL's, attorney did not fail to respond within a reasonable period of time to any communication from Defendant and did not consent to Defendant's direct communication with Plaintiff, DANIEL SOBSTYL.

### PLAINTIFF 68 – RUSSELL STAFFORD

652.     Plaintiff, RUSSELL STAFFORD, is an individual who owned real property in Pasco County, Florida.

653.     Defendant, at all material times, was attempting to collect a debt relating to a Wells Fargo Mortgage, Account Number ending in -6977.

654.     Plaintiff, RUSSELL STAFFORD, revoked any prior express consent to be contacted via cell phone or any other form of communication on June 20, 2012, through a facsimile transmission to Defendant's facsimile numbers 866-969-0103, 866-917-1877, and 866-834-7648.

655.     Plaintiff, RUSSELL STAFFORD, is the regular user and carrier of the cellular telephone number ending in -6149 and was the called party and recipient of calls made by Defendant's automatic telephone dialing system and/or artificial or prerecorded voice.

656.     Defendant knowingly and/or willfully harassed and abused Plaintiff, RUSSELL STAFFORD, by calling Plaintiff, RUSSELL STAFFORD's, cellular telephone multiple times per day after he revoked consent to be contacted on June 10, 2012.

657.     Defendant knowingly and/or willfully called Plaintiff, RUSSELL STAFFORD's, cellular telephone after Defendant had unequivocal notice from Plaintiff, RUSSELL STAFFORD,

to cease any and all calls and after Plaintiff, RUSSELL STAFFORD, withdrew any prior consent or permission to be contacted.

658.    In addition to the request not to be contacted by Defendant, Plaintiff, RUSSELL STAFFORD's, facsimile transmission directed Defendant to contact Plaintiff, RUSSELL STAFFORD's, attorney and included the contact information for the law firm.

659.    Defendant knowingly and/or willfully communicated with Plaintiff, RUSSELL STAFFORD, after Defendant had unequivocal notice that Plaintiff, RUSSELL STAFFORD, was represented by an attorney and could readily ascertain the Firm's contact information.

660.    Plaintiff, RUSSELL STAFFORD's, attorney did not fail to respond within a reasonable period of time to any communication from Defendant and did not consent to Defendant's direct communication with Plaintiff, RUSSELL STAFFORD.

## PLAINTIFF 69 – CATHERINE SWINSKI

661.    Plaintiff, CATHERINE SWINSKI, is an individual who owned real property in Pinellas County, Florida.

662.    Defendant, at all material times, was attempting to collect a debt relating to a Wells Fargo Mortgage, Account Number ending in -0029.

663.    Plaintiff, CATHERINE SWINSKI, revoked any prior express consent to be contacted via cell phone or any other form of communication on October 30, 2012, through a facsimile transmission to Defendant's facsimile numbers 866-969-0103, 866-917-1877, and 866-834-7648.

664.    Plaintiff, CATHERINE SWINSKI, is the regular user and carrier of the cellular telephone number ending in -5248 and was the called party and recipient of calls made by Defendant's automatic telephone dialing system and/or artificial or prerecorded voice.

665.    Defendant knowingly and/or willfully harassed and abused Plaintiff, CATHERINE SWINSKI, by calling Plaintiff, CATHERINE SWINSKI's, cellular telephone multiple times per day after she revoked consent to be contacted on October 30, 2012.

666.    Defendant knowingly and/or willfully called Plaintiff, CATHERINE SWINSKI's, cellular telephone after Defendant had unequivocal notice from Plaintiff, CATHERINE SWINSKI, to cease any and all calls and after Plaintiff, CATHERINE SWINSKI, withdrew any prior consent or permission to be contacted.

667.    In addition to the request not to be contacted by Defendant, Plaintiff, CATHERINE SWINSKI's, facsimile transmission directed Defendant to contact Plaintiff, CATHERINE SWINSKI's, attorney and included the contact information for the law firm.

668.    Defendant knowingly and/or willfully communicated with Plaintiff, CATHERINE SWINSKI, after Defendant had unequivocal notice that Plaintiff, CATHERINE SWINSKI, was represented by an attorney and could readily ascertain the Firm's contact information.

669.    Plaintiff, CATHERINE SWINSKI's, attorney did not fail to respond within a reasonable period of time to any communication from Defendant and did not consent to Defendant's direct communication with Plaintiff, CATHERINE SWINSKI.

**PLAINTIFF 70 – CARLISHA THOMAS**

670.    Plaintiff, CARLISHA THOMAS, is an individual who resides in Duval County, Florida.

671.    Plaintiff, CARLISHA THOMAS, is a consumer as defined by the FCCPA, Fla. Stat. § 559.55(8).

672.    Defendant, at all material times, was attempting to collect a debt relating to a Wells Fargo Credit Card in the name of an unknown third party.

673.    Plaintiff, CARLISHA THOMAS, did not consent to being contacted via her cell phone by Defendant, as the debt Defendant was attempting to collect was not a debt owed by Plaintiff, CARLISHA THOMAS.

674.    In addition to never giving Defendant consent to contact Plaintiff, CARLISHA THOMAS, via her cell phone, Plaintiff, CARLISHA THOMAS verbally advised Defendant to stop calling her cell phone and revoked any alleged prior express consent to be contacted via cell phone or any other form of communication in November, 2016.

675.    Plaintiff, CARLISHA THOMAS, is the regular user and carrier of the cellular telephone number ending in -2844 and was the called party and recipient of calls made by Defendant's automatic telephone dialing system and/or artificial or prerecorded voice.

676.    Defendant knowingly and/or willfully harassed and abused Plaintiff, CARLISHA THOMAS, by calling Plaintiff, CARLISHA THOMAS's, cellular telephone multiple times per day after she revoked consent to be contacted in November, 2016.

677.    Defendant knowingly and/or willfully called Plaintiff, CARLISHA THOMAS's, cellular telephone after Defendant had unequivocal notice from Plaintiff, CARLISHA THOMAS, to cease any and all calls and after Plaintiff, CARLISHA THOMAS, withdrew any prior consent or permission to be contacted.

## PLAINTIFF 71 – TAHSHEIKA THOMPSON

678.    Plaintiff, TAHSHEIKA THOMPSON, is an individual who owned real property in Pinellas County, Florida.

679.    Defendant, at all material times, was attempting to collect a debt relating to a Wells Fargo Mortgage, Account Number ending in –5185.

680.    Plaintiff, TAHSHEIKA THOMPSON, revoked any prior express consent to be contacted via cell phone or any other form of communication on February 6, 2013, through a facsimile transmission to Defendant's facsimile numbers 866-968-0103, 866-917-1877, and 866-834-7648.

681.    Plaintiff, TAHSHEIKA THOMPSON, is the regular user and carrier of the cellular telephone number ending in -3781 and was the called party and recipient of calls made by Defendant's automatic telephone dialing system and/or artificial or prerecorded voice.

682.    Defendant knowingly and/or willfully harassed and abused Plaintiff, TAHSHEIKA THOMPSON, by calling Plaintiff, TAHSHEIKA THOMPSON's, cellular telephone multiple times per day after she revoked consent to be contacted on February 6, 2013.

683.    Defendant knowingly and/or willfully called Plaintiff, TAHSHEIKA THOMPSON's, cellular telephone after Defendant had unequivocal notice from Plaintiff, TAHSHEIKA THOMPSON, to cease any and all calls and after Plaintiff, TAHSHEIKA THOMPSON, withdrew any prior consent or permission to be contacted.

684.    In addition to the request not to be contacted by Defendant, Plaintiff, TAHSHEIKA THOMPSON's, facsimile transmission directed Defendant to contact Plaintiff, TAHSHEIKA THOMPSON's, attorney and included the contact information for the law firm.

685.    Defendant knowingly and/or willfully communicated with Plaintiff, TAHSHEIKA THOMPSON, after Defendant had unequivocal notice that Plaintiff, TAHSHEIKA THOMPSON, was represented by an attorney and could readily ascertain the Firm's contact information.

686.    Plaintiff, TAHSHEIKA THOMPSON's, attorney did not fail to respond within a reasonable period of time to any communication from Defendant and did not consent to Defendant's direct communication with Plaintiff, TAHSHEIKA THOMPSON.

## PLAINTIFF 72 – GREGORY TUMAN

687.    Plaintiff, GREGORY TUMAN, is an individual who owned real property in Hillsborough County, Florida.

688.    Defendant, at all material times, was attempting to collect a debt relating to a Wells Fargo Mortgage, Account Number ending in -7955.

689.    Plaintiff, GREGORY TUMAN, revoked any prior express consent to be contacted via cell phone or any other form of communication on June 29, 2012, through a facsimile transmission to Defendant's facsimile number 866-969-0103.

690.    Plaintiff, GREGORY TUMAN, is the regular user and carrier of the cellular telephone number ending in -6485 and was the called party and recipient of calls made by Defendant's automatic telephone dialing system and/or artificial or prerecorded voice.

691.    Defendant knowingly and/or willfully harassed and abused Plaintiff, GREGORY TUMAN, by calling Plaintiff, GREGORY TUMAN's, cellular telephone multiple times per day after he revoked consent to be contacted on June 29, 2012.

692.    Defendant knowingly and/or willfully called Plaintiff, GREGORY TUMAN's, cellular telephone after Defendant had unequivocal notice from Plaintiff, GREGORY TUMAN, to cease any and all calls and after Plaintiff, GREGORY TUMAN, withdrew any prior consent or permission to be contacted.

693.    In addition to the request not to be contacted by Defendant, Plaintiff, GREGORY TUMAN's, facsimile transmission directed Defendant to contact Plaintiff, GREGORY TUMAN's, attorney and included the contact information for the law firm.

694.    Defendant knowingly and/or willfully communicated with Plaintiff, GREGORY TUMAN, after Defendant had unequivocal notice that Plaintiff, GREGORY TUMAN, was represented by an attorney and could readily ascertain the Firm's contact information.

695.    Plaintiff, GREGORY TUMAN's, attorney did not fail to respond within a reasonable period of time to any communication from Defendant and did not consent to Defendant's direct communication with Plaintiff, GREGORY TUMAN.

### PLAINTIFF 73 – DANIEL VAIRO

696.    Plaintiff, DANIEL VAIRO, is an individual who owned real property in Hillsborough County, Florida.

697.    Defendant, at all material times, was attempting to collect a debt relating to a Wells Fargo Mortgage, Account Number ending in -1998.

698.    Plaintiff, DANIEL VAIRO, revoked any prior express consent to be contacted via cell phone or any other form of communication on November 17, 2011, through a facsimile transmission to Defendant's facsimile numbers 866-969-0103, 866-917-1877, and 866-729-9592.

699.    Plaintiff, DANIEL VAIRO, is the regular user and carrier of the cellular telephone number ending in -3099 and was the called party and recipient of calls made by Defendant's automatic telephone dialing system and/or artificial or prerecorded voice.

700.    Defendant knowingly and/or willfully harassed and abused Plaintiff, DANIEL VAIRO, by calling Plaintiff, DANIEL VAIRO's, cellular telephone multiple times per day after he revoked consent to be contacted on November 17, 2011.

701.    Defendant knowingly and/or willfully called Plaintiff, DANIEL VAIRO's, cellular telephone after Defendant had unequivocal notice from Plaintiff, DANIEL VAIRO, to cease any

and all calls and after Plaintiff, DANIEL VAIRO, withdrew any prior consent or permission to be contacted.

702.    In addition to the request not to be contacted by Defendant, Plaintiff, DANIEL VAIRO's, facsimile transmission directed Defendant to contact Plaintiff, DANIEL VAIRO's, attorney and included the contact information for the law firm.

703.    Defendant knowingly and/or willfully communicated with Plaintiff, DANIEL VAIRO, after Defendant had unequivocal notice that Plaintiff, DANIEL VAIRO, was represented by an attorney and could readily ascertain the Firm's contact information.

704.    Plaintiff, DANIEL VAIRO's, attorney did not fail to respond within a reasonable period of time to any communication from Defendant and did not consent to Defendant's direct communication with Plaintiff, DANIEL VAIRO.

### PLAINTIFF 74 – LISA VANHAEREN

705.    Plaintiff, LISA VANHAEREN, is an individual who owned real property in Pinellas County, Florida.

706.    Defendant, at all material times, was attempting to collect a debt relating to a Wells Fargo Mortgage, Account Number ending in -7396.

707.    Plaintiff, LISA VANHAEREN, revoked any prior express consent to be contacted via cell phone or any other form of communication on August 6, 2012, through a facsimile transmission to Defendant's facsimile numbers 866-969-0103, 866-917-1877, and 866-834-7648.

708.    Plaintiff, LISA VANHAEREN, is the regular user and carrier of the cellular telephone number ending in -5472 and was the called party and recipient of calls made by Defendant's automatic telephone dialing system and/or artificial or prerecorded voice.

709.     Defendant knowingly and/or willfully harassed and abused Plaintiff, LISA VANHAEREN, by calling Plaintiff, LISA VANHAEREN's, cellular telephone multiple times per day after she revoked consent to be contacted on August 6, 2012.

710.     Defendant knowingly and/or willfully called Plaintiff, LISA VANHAEREN's, cellular telephone after Defendant had unequivocal notice from Plaintiff, LISA VANHAEREN, to cease any and all calls and after Plaintiff, LISA VANHAEREN, withdrew any prior consent or permission to be contacted.

711.     In addition to the request not to be contacted by Defendant, Plaintiff, LISA VANHAEREN's, facsimile transmission directed Defendant to contact Plaintiff, LISA VANHAEREN's, attorney and included the contact information for the law firm.

712.     Defendant knowingly and/or willfully communicated with Plaintiff, LISA VANHAEREN, after Defendant had unequivocal notice that Plaintiff, LISA VANHAEREN, was represented by an attorney and could readily ascertain the Firm's contact information.

713.     Plaintiff, LISA VANHAEREN's, attorney did not fail to respond within a reasonable period of time to any communication from Defendant and did not consent to Defendant's direct communication with Plaintiff, LISA VANHAEREN.

## PLAINTIFF 75 – ALAN WESTFALL

714.     Plaintiff, ALAN WESTFALL, is an individual who owned real property in Hillsborough County, Florida.

715.     Defendant, at all material times, was attempting to collect a debt relating to a Wells Fargo Mortgage, Account Number ending in -9792.

716.    Plaintiff, ALAN WESTFALL, revoked any prior express consent to be contacted via cell phone or any other form of communication on June 25, 2014, through a facsimile transmission to Defendant's facsimile number 866-278-1179.

717.    Plaintiff, ALAN WESTFALL, is the regular user and carrier of the cellular telephone number ending in -1192 and was the called party and recipient of calls made by Defendant's automatic telephone dialing system and/or artificial or prerecorded voice.

718.    Defendant knowingly and/or willfully harassed and abused Plaintiff, ALAN WESTFALL, by calling Plaintiff, ALAN WESTFALL's, cellular telephone multiple times per day after he revoked consent to be contacted on June 25, 2014.

719.    Defendant knowingly and/or willfully called Plaintiff, ALAN WESTFALL's, cellular telephone after Defendant had unequivocal notice from Plaintiff, ALAN WESTFALL, to cease any and all calls and after Plaintiff, ALAN WESTFALL, withdrew any prior consent or permission to be contacted.

720.    In addition to the request not to be contacted by Defendant, Plaintiff, ALAN WESTFALL's, facsimile transmission directed Defendant to contact Plaintiff, ALAN WESTFALL's, attorney and included the contact information for the law firm.

721.    Defendant knowingly and/or willfully communicated with Plaintiff, ALAN WESTFALL, after Defendant had unequivocal notice that Plaintiff, ALAN WESTFALL, was represented by an attorney and could readily ascertain the Firm's contact information.

722.    Plaintiff, ALAN WESTFALL's, attorney did not fail to respond within a reasonable period of time to any communication from Defendant and did not consent to Defendant's direct communication with Plaintiff, ALAN WESTFALL.

## COUNT I
## VIOLATION OF THE FCCPA, FLA. STAT. § 559.72(7)

723.     Plaintiffs, 6, 7, 12, 13, 17, 18, 23, 26, 39, 52, 56, 60, 61, 66, and 70 incorporate all allegations in paragraphs 1-22, 68-89, 126-145, 166-196, 233-242, 262-271, 380-389, 498-507, 535-544, 572-591, 633-642, and 670-677 above as if stated fully herein.

724.     Jurisdiction is proper pursuant to Florida Statute § 559.77(1).

725.     Defendant violated Florida Statute § 559.72(7) when it willfully communicated with Plaintiffs with such frequency as can reasonably be expected to abuse or harass Plaintiffs.

726.     Specifically, Defendant continued to make numerous telephone calls to Plaintiffs' cellular telephone after being notified to no longer call Plaintiffs through any means.

**WHEREFORE**, Plaintiffs, 6, 7, 12, 13, 17, 18, 23, 26, 39, 52, 56, 60, 61, 66, and 70, demand judgment against Defendant, WELLS FARGO BANK, N.A., for the following relief:

a.     any actual damages sustained by Plaintiffs as a result of the above allegations;

b.     statutory damages pursuant to Florida Statute § 559.77(2) in the amount of $1,000.00;

c.     pursuant to §559.77(2), any specific or injunctive relief necessary to make Plaintiffs whole;

d.     in the case of a successful action sustaining the liability of Defendant, pursuant to the FCCPA, Fla. Stat. § 559.77(2), costs of the action, together with reasonable attorney's fees incurred by Plaintiffs; and

e.     any other relief the Court deems just and proper.

## COUNT II
## VIOLATION OF THE FCCPA, FLA. STAT. § 559.72(18)

727.    Plaintiffs, 6, 7, 12, 13, 17, 18, 23, 26, 39, 52, 56, 60, 61, 64, 65, and 66, incorporate all allegations in paragraphs 1-22, 68-89, 126-145, 166-196, 233-242, 262-271, 380-389, 498-507, 535-544, 572-591, and 611-642 above as if stated fully herein.

728.    Jurisdiction is proper, pursuant to Florida Statute § 559.77(1).

729.    Defendant violated the FCCPA, Fla. Stat. § 559.72(18), when it knowingly communicated with Plaintiffs after it knew Plaintiffs was represented by counsel and could reasonably ascertain the name and address of counsel.

730.    Specifically, Defendant continued to place phone calls to Plaintiffs' cellular telephone despite having actual knowledge that Plaintiffs was represented by an attorney.

**WHEREFORE**, Plaintiffs, 6, 7, 12, 13, 17, 18, 23, 26, 39, 52, 56, 60, 61, 64, 65, and 66, demand judgment against Defendant, WELLS FARGO BANK, N.A., for the following relief:

    a.    any actual damages sustained by Plaintiffs as a result of the above allegations;

    b.    statutory damages pursuant to Florida Statute § 559.77(2) in the amount of $1,000.00;

    c.    pursuant to §559.77(2), any specific or injunctive relief necessary to make Plaintiff whole;

    d.    in the case of a successful action sustaining the liability of Defendant, pursuant to the FCCPA, Fla. Stat. § 559.77(2), costs of the action, together with reasonable attorney's fees incurred by Plaintiffs; and

    e.    any other relief the Court deems just and proper.

## COUNT III
## VIOLATION OF THE TCPA, 47 U.S.C. § 227(b)(1)(A)(iii)

731.    Plaintiffs 1-75 incorporate all allegations in paragraphs 1-720 above as if stated fully herein.

732.    Jurisdiction is proper pursuant to 47 U.S.C. § 227(b)(3).

733.    Defendant used an automatic telephone dialing system or an artificial or prerecorded voice as defined by 47 U.S.C. § 227(a)(1)(A)(iii) to make telephone calls to Plaintiffs' cellular telephone.

734.    Defendant independently violated 47 U.S.C. § 227(b)(1)(A)(iii) for each call that Defendant placed to Plaintiffs' cellular telephone using an automatic telephone dialing system or an artificial or prerecorded voice.

735.    The phone calls made by Defendant are considered willing and knowing violations of the TCPA, as Defendant was aware of Plaintiffs' revocation of consent to be contacted via their cellular telephone and Defendant is well aware of the TCPA and its prohibitions.

**WHEREFORE**, Plaintiffs 1-75, demand judgment against Defendant, WELLS FARGO BANK, N.A., for the following relief:

a.    statutory damages pursuant to 47 U.S.C. § 227(b)(3)(B) in the amount of $500.00 for each of the independent violations occurring within the four (4) year period prior to the date of filing this Complaint.

b.    an increase in the amount of the award to an amount equal to three times the amount available pursuant to 47 U.S.C. § 227(b)(3)(B) where each of Defendant's independent violations were made willfully or knowingly; and

c.    any other relief the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiffs demand a trial by jury as to all issues.


Date: May 31, 2017                                      **BOSS LAW**


                                                       /s/ Christopher W. Boss
                                                       **Christopher W. Boss, Esq.**
                                                       Fla. Bar No.: 13183
                                                       Service Email: cpservice@protectyourfuture.com
                                                       9887 Fourth Street North, Suite 202
                                                       St. Petersburg, Florida 33702
                                                       Phone: (727) 471-0039
                                                       Fax: (888) 503-2182
                                                       **Attorney for Plaintiff**